## PAGE v. SHAINWALD.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. TRIAL—DIRECTION OF VERDICT.
    Motions by plaintiff for the direction of a verdict in his favor, and by defendant to dismiss the complaint, are a waiver of the right to submit any issue to the jury.

2. SAME—EFFECT OF MOTION.
    Although the court submitted to the jury, pending a motion to direct a verdict for plaintiff, the question whether plaintiff and defendant had a certain conversation which resulted in the extension of an agreement, and they found that the parties did not have such conversation, it does not preclude the court from finding that there was a sufficient consideration for the contract of extension, where the finding of that fact is necessary to direct the verdict for plaintiff, and there is evidence to sustain it.

3. APPEAL AND ERROR—OBJECTIONS AT TRIAL.
    Objection that evidence introduced is not available, because not admissible under the pleadings, cannot be first raised on appeal.

4. HOLIDAYS—TENDER OF PERFORMANCE OF CONTRACT.
    Tender of performance of a contract to be made on or before January 1st is not within Laws 1895, c. 603, § 1, making the 1st day of January a holiday so far as regards presenting for payment and acceptance, protest, and giving notice of dishonor of bills of exchange, bank checks, and promissory notes, and tender may be legally made on that day.

5. SAME—WAIVER.
When tender by plaintiff of shares of stock which defendant had agreed to purchase was made after the expiration of the time fixed in the agreement, defendant, by asking for more time to consider the matter, and subsequently offering a smaller sum than the contract price, by way of performance, waives the failure to make the tender within the time agreed.

Appeal from trial term, New York county.

Action by J. Seaver Page against Ralph L. Shainwald on contract. From an order granting defendant a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

John M. Bowers, for appellant.
John S. Davenport, for respondent.

RUMSEY, J. On the 3d of September, 1895, the defendant made a contract with the plaintiff that, if requested by the plaintiff on or before the 1st day of January, 1897, he would, within 10 days of that time, pay to the plaintiff the amount which the plaintiff had paid for certain stock of the Hoffman Machine Company, and take the stock. On the 5th of November, 1896, the defendant gave to the plaintiff a letter renewing that agreement, and undertook that on the same conditions the agreement was to be in full force and effect on the 1st of January, 1898. The complaint alleges that the plaintiff informed the defendant of his desire to carry out the agreement; the performance of it upon his part; the assignment of the stock to the defendant, and the refusal of the defendant to perform; and asks to recover the sum of $5,000, the amount agreed upon in the contract, with interest. The answer was a general denial.

At the end of the trial the plaintiff asked the court to direct a verdict in his favor, and the defendant moved for a dismissal of the complaint. Each of these motions was refused by the court, and the case was submitted to the jury, with directions to answer two questions. The jury answered each of these questions in the negative; and thereupon the parties renewed their motions for a verdict, and the court directed a verdict for the plaintiff for the amount claimed, with interest, to which the defendant excepted. Upon a motion for a new trial, the court came to the conclusion that it had erred in directing a verdict for the plaintiff, and granted the motion for a new trial because it was too late to then direct a verdict for the defendant, as it should have done in the first place. From the order granting the new trial, the plaintiff appeals.

Under section 1187 of the Code, the court was authorized, pending a motion for the direction of a verdict, to submit to the jury any disputed question of fact raised by the pleadings, and, after the jury should have rendered a verdict upon the questions so submitted, the court might then pass upon the motion, and direct such a verdict as either party might be entitled to. This was the course taken upon this trial, and the action of the court proceeded regularly in what was done. The question, therefore, remains whether, after the jury had answered the two questions submitted to them, the action of the court in directing a verdict for the plaintiff can be sustained.

By the first contract, the stock was to be taken by the defendant on or before the 1st day of January, 1897. By the terms of the second, the time within which the stock might be tendered was extended until the 1st of January, 1898. The plaintiff attempted to show that he had tendered the stock to the defendant on the 31st day of December, 1897, and the question whether he had made such a tender was submitted to the jury, and was answered in the negative. But he also gave evidence tending to show a tender of the stock on the 3d day of January, 1898. He claims now that upon the case made in that respect there was a tender made at that time under such circumstances, and with such a result, that it imposed upon the defendant the duty of taking the stock and of paying the agreed price within 10 days, in pursuance of the contract of the 3d of September, 1895, as extended to the 1st of January, 1898. The defendant claims, in the first place, that the agreement to extend the time for the tender of the stock from the 1st of January, 1897, to the 1st of January, 1898, was without consideration, and therefore imposed no duty upon him to take the stock at any time after the 1st of January, 1897. He claims, in the second place, that, even if that renewal was supported by a sufficient consideration, yet there was no tender of the stock by the plaintiff on the 3d of January, 1898, and that, even if there had been one on that day, it was too late, because at that time the plaintiff· had lost the right to make it. To this the plaintiff replies that by the acts of the defendant on the 3d of January, 1898, and subsequently, he had waived his right to insist that the tender on that day was too late, and that, therefore, the plaintiff by that tender acquired the same rights as if the tender had been made on the 1st of January.

When the two parties, before the submission of the case to the jury, asked, one for the direction of a verdict, and the other for a dismissal of the complaint upon all the facts, they thereby consented that the court might make a decision of the case, and, if there had been questions of fact, that it might dispose of them. After the jury had returned, having answered the two questions submitted to them in the negative, each party renewed his motion, and thereby consented that the court might determine any controverted question of fact necessary to the decision of the case; and, if there is any evidence to sustain a fact necessary to support the determination of the court in favor of the person for whom the verdict was ordered, that fact will be given the same effect as though the jury had found it, and upon it had based a verdict. Adams v. Lumber Co., 159 N. Y. 176, 53 N. E. 805; Thompson v. Simpson, 128 N. Y. 270, 28 N. E. 627. By their requests, both parties waived their right to have any question submitted to the jury. Clason v. Baldwin, 152 N. Y. 204, 46 N. E. 322. Of course, the facts found by the jury must be taken as established in the case, and no verdict can be sustained, if to sustain it it is necessary to disregard either of them.

Those facts were, in the first place, that the plaintiff did not make a tender on the 31st of December, 1897, and that the defendant and the plaintiff did not have a certain conversation which resulted in the execution and delivery to the plaintiff of the extension of the contract to the 1st of January, 1898; but although the jury found that the plain-

tiff did not make a tender on the 31st of December, 1897, the question still remained whether a sufficient tender was made on the 3d of January, 1898, and that question was for the court to determine on the motion for a direction of a verdict. Nor did the answer to the second question decide as to the consideration for the extension. It may very well be that the plaintiff did not have, with the defendant, the conversation as to which the jury were asked, and yet that there was a sufficient consideration for the agreement. This question also was left for the court to determine in deciding the motion for a direction of a verdict. If the evidence given on behalf of the plaintiff was sufficient to prove that there was a consideration for the contract of the 5th of November, 1896, to extend the agreement to the 1st of January, 1898, the court might properly have found that fact. That the plaintiff did give testimony showing that there was a sufficient consideration cannot be denied. The facts sworn to by him were not contradicted, and therefore the court was clearly warranted in coming to the conclusion that the agreement of the 5th of November, 1896, was supported by a sufficient consideration.

As to the performance of the contract on January 3, 1898, evidence was given which was objected to. It is now claimed that that evidence was incompetent, and should not have been considered, because the allegation of the complaint was that the contract was performed, and it did not allege that the performance was waived. But the evidence did not tend to show a failure to perform, but a waiver by defendant of time of performance. But passing this, and assuming that it is quite possible, although not necessary to be decided, that if the objection to this testimony had been taken upon the ground that the pleadings averred a strict performance, and did not aver a waiver, the evidence must have been excluded. But the defendant took no such objection, and, not having taken it, he is not now in a position to insist that the evidence which was admitted could not have been considered upon the trial, and should not be considered here. Parties seeking to enforce the rule that facts, though proved, are not available unless pleaded, must take this objection at the trial; otherwise, they cannot avail themselves thereof on review. Voorhees v. Burchard, 55 N. Y. 98. As the facts, therefore, were in the case without any objection that they were not pleaded, the court was bound to consider them; and as it did consider them, and directed a verdict upon them, for the reason that they established a sufficient tender, the only question presented here is whether it was error to receive them in the absence of that objection, and, having received them, whether it was error to consider them for the purpose of establishing that the tender was made. That it was not error to receive them is established by the case of Voorhees v. Burchard, supra, and when they were in the case, and properly received, there was no reason why they should not be considered, as tending to show a fact essential to the plaintiff's case.

The question, then, is whether the tender of the 3d of January, 1898, was sufficient. The 1st fell on a Saturday, and the claim is made by the plaintiff that, as New Year's Day is made by the statute a holiday, it is dies non, and he was therefore relieved from the necessity of making a tender on that day. The statute in that regard is that the

1st day of January, so far as regards the presenting for payment and acceptance, and of the protesting and giving notice of dishonor, of bills of exchange, bank checks, and promissory notes, is to be considered as the first day of the week, commonly called Sunday. Laws 1895, c. 603, § 1. But, while it is a holiday for the purposes of dealing in commercial paper and opening public offices and the service of legal papers, it is not a holiday as regards the transaction of business, and I am not aware of any authority which relieves a person who has agreed to do any act on that day from performing it, although it is a public holiday. The plaintiff might, therefore, make the tender on the 1st of January, and was by his contract required to do so; but, as he did not do it until the 3d, the defendant was at liberty to say that the tender was too late, and to refuse to perform, without giving any reason at all,—in either of which cases the rights of the plaintiff would have been at an end. Friess v. Rider, 24 N. Y. 367. But the defendant was also at liberty, if he saw fit, to waive the strict performance of the contract, and if he did so it was not afterwards in his mouth to say that the plaintiff made his tender too late. The question whether a tender was made on the 3d of January was not submitted to the jury, and their verdict was not taken on it, but they did determine that there was no tender on the 31st of December, which is of no importance in this matter. If the evidence was conflicting as to what took place at the time this tender was made, it was for the court to decide. But there was substantially no dispute on that point. The plaintiff testified that on the 3d he called on Mr. Shainwald, and said that he called for the purpose of protecting his rights, and of making a formal tender of the stock, and did make such a tender, and also handed him a letter requesting him to take the stock. He says that in answer to that tender the defendant said, "Page, now I intend to do what is fair and just in this matter, and you must give me a little time to consider it;" and that he then left the stock and the letter with him. The testimony of Van Benschoten, who went with him, is substantially the same. The defendant gave his testimony on the subject, and it differs little, if at all, from what the plaintiff and his witness testified to. It appears, and is undisputed, that there was some correspondence between the parties on the subject, and that on the 6th of January, 1898, Shainwald wrote to the plaintiff a letter which is erroneously dated 1897, in which he says that he had had no time to consider the matter, and that it would have to rest a short time. It also appears from the testimony of Shainwald that he offered to pay the plaintiff, after the 6th of January, $2,500, if he would take that in full satisfaction of the contract; that that was one-half of the amount he was to pay under the contract, and he thought the plaintiff could get the remainder, because the stock was a good investment at 50 cents on the dollar. The rule is settled that where a claim is made against a party at a time when he was at liberty to say that the claim was made too late, and that the rights of the claimant are forfeited because of his delay, if the party against whom the claim is made recognizes the continued validity of the contract, or does acts based upon that supposition, he has waived his rights to insist upon a forfeiture, and such waiver need not be based upon any new agreement or an estoppel. Forfeitures are not favored in the law, and this

doctrine of waiver is not peculiar to insurance policies, but is applicable to all cases of forfeiture. Gould v. Banks, 8 Wend. 562; Titus v. Insurance Co., 81 N. Y. 410–419. It is quite clear that Shainwald recognized the continued existence of this contract, and did not insist upon a forfeiture, not only because he asked for more time to consider the matter, but because he substantially made an offer to pay the sum of $2,500 by way of performance. No act could be done which would more satisfactorily establish that he still recognized the existence of the contract, and within the rule quoted above, to sustain which many other authorities might be cited, there can be no doubt that, upon the undisputed facts, there was upon the part of the defendant a waiver of the forfeiture on the 3d of January, 1898, and therefore that the tender then made was sufficient. So that, when the evidence was closed, the plaintiff had established by sufficient evidence that the extension of the contract made on the 5th of November, 1896, had a consideration, and that the defendant had waived his right to insist that the contract was forfeited on the ground that the stock was not tendered to him in time by his acts on the 3d of January and subsequently thereto. The court was therefore not only justified, but required, in view of the facts which it had taken, to order a verdict as it did order. That being so, it seems to me that the action of the court in ordering a new trial was improper, and that that order should be reversed, and judgment entered for the plaintiff upon the verdict ordered in his favor, with costs. All concur.