THE BANK OF THE STATE OF NEW YORK et al., Respondents,
v. THE SOUTHERN NATIONAL BANK, Appellant.

1. TRIAL — MOTION FOR DIRECTION OF VERDICT BY BOTH PARTIES — EFFECT OF DECISION BY JURY OF SPECIFIC QUESTIONS OF FACT THEREAFTER SUBMITTED BY THE COURT. When both parties ask for the direction of a verdict in their favor and neither request to go to the jury, they submit to the court for decision any question of fact that is presented by the evidence; and where the court refused to accept such submission and sent certain questions of fact to the jury, its verdict on those questions must be given the same effect as is accorded to a verdict on any issues in an action at law, and if its verdict on such questions justified a direction for a judgment in favor of plaintiffs, such judgment will be upheld, provided that no material error was made in rulings on evidence, or in the instructions of the court to the jury.

2. EVIDENCE — ERRONEOUS EXCLUSION OF SCHEDULES IN GENERAL ASSIGNMENT OFFERED TO SHOW CONDITION OF ASSIGNORS A MONTH BEFORE THE ASSIGNMENT. Where the schedules of assets and liabilities in a general assignment of a firm for the benefit of its creditors were offered in evidence upon the questions whether the firm was insolvent about a month before its failure and whether its financial condition was then so bad that a member of the firm in procuring a draft to be discounted for the firm at that time could have made an honest mistake in representing that the firm was then solvent, it is error to exclude such evidence solely on the ground that proof of the condition of the firm at the time the schedules were made was not material on the question of its condition at the time the draft was discounted.

*Bank of New York* v. *Southern Nat. Bank,* 54 App. Div. 99, reversed.

(Argued January 10, 1902; decided February 11, 1902.)

1

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 19, 1900, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*B. F. Einstein* for appellant. The court erred in direct-.ing judgment for more than sixty-six dollars and eleven cents, with interest from February 5, 1896. (*Hammond* v. *Pennock*, 61 N. Y. 145; *Carr* v. *N. B. & L. Co.*, 167 N. Y. 375; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Rothmiller* v. *Stein*, 143 N. Y. 581; 2 Pom. Eq. Juris. § 889; *Yeater* v. *Hines*, 24 Mo. App. 214.) The evidence clearly establishes actual fraud, which gave the defendant the right to cancel the discount, and which precludes a recovery in this action for the amount of the discount. (*Kountze* v. *Kennedy*, 147 N. Y. 124; *S. Nat. Bank* v. *Curtis*, 2 App. Div. 508, 512; *Bennet* v. *Judson*, 21 N. Y. 238; *Hammond* v. *Pennock*, 61 N. Y. 145.) The court erred in not permitting the defendant to show the amount of the liabilities and assets of Robinson & Booth on the 25th of February, 1896, which was the day they made a general assignment. (*Kling* v. *Irving Nat. Bank*, 21 App. Div. 373; *Baily* v. *Hornthal*, 89 Hun, 514; 154 N. Y. 648; *Bliss* v. *Hornthal*, 33 App. Div. 225.) The court should have directed judgment against the plaintiff, the Bank of the State of New York, dismissing the complaint, with costs. (*Peetsch* v. *Sommers*, 31 App. Div. 256; *Walker* v. *Henry*, 85 N. Y. 130.) The special verdict does not sustain the judgment, because there is no finding that the draft was first-class paper, and that Wheelwright & Co. were good on January 21, 1896. (*Hill* v. *Covell*, 1 N. Y. 522; *Sisson* v. *Barrett*, 2 N. Y. 406; *Langley* v. *Warner*, 3 N. Y. 327; *Carr* v. *Carr*, 52 N. Y. 251; *Casey* v. *Dwyre*, 15 Hun, 153.)

*George A. Strong* for respondents. The verdict, or the findings of the jury, were merely advisory to the court. The

latter was at liberty either to accept or reject them. (*Carroll*
v. *Diemel*, 95 N. Y. 252.) The appeal cannot be sustained
on the ground that the original discount was rightly canceled.
(*Porter* v. *M. E. R. Co.*, 120 N. Y. 284.) The course of the
trial was such as necessarily to leave to the trial judge alone
the decision of the question as to the effect of the protest of
the draft. (*Carr* v. *Carr*, 52 N. Y. 251.)

CULLEN, J. Two of the plaintiffs are attachment creditors
of the firm of Robinson & Booth, and the third is the sheriff
to whom the attachments were issued. Robinson & Booth
were depositors in the defendant bank, and the action is
brought to recover their deposit at the time the attach-
ments were levied. The controversy between the parties
relates to the amount of the deposit. On January 21 the
defendant discounted for Robinson & Booth their draft
at four months on W. D. Wheelwright & Company for
$3,878.76, accepted by said firm, and credited the proceeds
to the account of Robinson & Booth. On the fourth and
fifth days of February the plaintiffs' attachments were issued
and levied. Wheelwright & Company failed on January 25,
1896. Robinson & Booth made a general assignment for
creditors on February 26th. On January 27th the defendant
canceled on its books the credit given the firm of Robinson
& Booth for the Wheelwright draft. The right of the
defendant to cancel this credit was the principal issue litigated
on the trial. As to this, the defendant made two claims:
*First*, that the cancellation was made with the assent of
Robinson & Booth; *second*, that the discount of the Wheel-
wright draft was procured by the false and fraudulent state-
ment of Robinson & Booth that they were good and solvent,
so that upon discovery of the fraud the defendant was justi-
fied in repudiating the credit even without such assent. At
the close of the evidence each party requested the court to
direct a verdict in its favor. The court declined to accede to
either request, but submitted to the jury for determination
a number of questions of fact. On the answers of the jury

to those questions the court directed the entry of a judgment in favor of the plaintiffs, which judgment has been affirmed by the Appellate Division.

The practice adopted at the Trial Term was peculiar. The jury did not return a general verdict, nor were its findings equivalent to a special verdict, for the questions submitted to it did not cover all the issues in the case. The question is raised here as to what effect should be given to the verdict. We do not think a determination of that matter necessary to a disposition of the case. When both parties ask for the direction of a verdict in their favor and neither requests to go to the jury, they submit to the court for decision any question of fact that is presented by the evidence. In this case, however, the court refused to accept such submission and sent certain questions of fact to the jury for its determination. We are inclined to the opinion that the verdict of the jury on these questions must be given the same effect as is accorded to a verdict on any issues in an action at law. The respondents contend that the verdict of the jury is to be treated as advisory only, but the matter is of no consequence as the verdict so far as it went justified the direction for a judgment in favor of the plaintiffs. The jury found that the defendant on January 27th canceled the credit given on the discount of the Wheelwright draft; that Robinson & Booth did not consent to the cancellation; that when the draft was discounted Booth represented that his firm was good; that such statement was not false, but that the firm was good at said time, and that the representation was made neither fraudulently nor recklessly.

The two findings that Booth & Robinson did not consent to the cancellation of the credit, and that the credit was not in the first instance obtained by fraudulent representation, dispose of the defense provided that no material error was made in rulings on evidence or in the instructions of the court to the jury. If the respondents' contention that the verdict of the jury was merely advisory is to be upheld it may be that errors in the instructions to the jury were immaterial.

Admitting this for the argument only, there still remains for determination an alleged error in the exclusion of evidence. If we assume that the court decided all the questions of fact in the case there is nothing in the record to show how it determined any particular question. Therefore, the same rule must be applied as in the case of a verdict by a jury, that where on any issue improper evidence is admitted or proper evidence excluded the error is fatal, since it is not possible to know that the verdict of the jury did not proceed on the very issue as to which the error was committed. (*Ives* v. *Ellis*, 169 N. Y. 85.) The defendant sought to prove by Booth, one of the defendants in the attachment suit, the amount of the estate and of the liabilities of the firm of Robinson & Booth at the time of its general assignment in February. To this evidence the plaintiffs objected, and a colloquy occurred between the counsel. The witness had in his hand a paper, which it is to be inferred from the record was a schedule of the assets and liabilities of the firm on the assignment. During the progress of the discussion the appellant's counsel said that, instead of continuing the oral examination of the witness, he would offer the schedules themselves in evidence if his opponent would not object to their competency, but confine his objection to their materiality. To this course the respondents' counsel assented, and the schedules were excluded as immaterial, to which the defendant excepted. The declaration of the assignee, though made under oath in the assignment proceedings, was not competent evidence as against the plaintiffs; but it is apparent from the record that this objection was waived, and the evidence was excluded solely on the ground that proof of the condition of the firm on February 26th was not material on the question of its condition on January 21st, when the draft was discounted. The ruling was erroneous. In *Baily* v. *Hornthal* (154 N. Y. 648) evidence of the condition of a partnership at the time of its failure was held to be competent evidence on the question of the solvency of a prior special partnership, the dissolution of which occurred six months before. At the time of the fail-

ure it appeared that the amount of the assets was $166,000, with liabilities in excess of $314,000. Of this Judge Vann said: "While there is no presumption that the firm was insolvent in April, because its successor failed in November, the difference between the assets and liabilities at the latter date was so overwhelmingly large as to require explanation, but no satisfactory explanation was given." (See, also, *Kling* v. *Irving Nat'l Bank*, 21 App. Div. 373.) In the present case the assets of the firm of Robinson & Booth at the time of its failure, which was only thirty-five days after the time of the representation to the defendant bank of its solvency, were of the actual value of $9,355.62. Its direct liabilities amounted to upwards of $78,000, and its contingent liabilities to the further sum of $115,000. The vital importance of this evidence is plain. Had the gross discrepancy between the assets and liabilities of the firm at the time of its failure been shown to the jury, it might well have found, not only that the firm was insolvent a month previous, but that its financial condition was then so bad that Booth could not have made an honest mistake in representing to the defendant that it was solvent.

As the judgment must be reversed for the error in excluding evidence which we have stated, it is unnecessary to examine the other objections raised by the appellant. As to the claim made by the respondents that the subsequent action of the defendant in protesting the draft was a waiver of the claim to cancel the credit given on its discount, we need only say that we think it had not necessarily that effect, and that, at most, it presented a question of fact for the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

Parker, Ch. J., Gray, O'Brien, Bartlett, Haight and Werner, JJ., concur.

Judgment reversed, etc.