## DICKEY, trustee, *v.* SMITH.

1. A contract for the purchase of timber provided for the payment of the purchase-price at stated times and in given amounts. When the second instalment fell due the vendor endorsed upon the contract an agreement to extend the time of payment of the amount due for 60 days, in consideration of $900; the entry stating that "the $900 paid shall apply on amount due on the within contract. The above amount being a note shall only apply if paid." The contract of purchase was subsequently rescinded by mutual consent. *Held,* that the effect of the entry was merely to increase the purchase-price $900, and when the contract was rescinded all liability on the note for that sum ceased.

**2.** When the defendant, in his plea, admits a prima facie case in favor of the plaintiff, and assumes the burden of proof, he does not, merely for the reason that the plaintiff does not introduce any evidence, lose his right to open and conclude the argument.

Submitted July 18, 1906.—Decided February 15, 1907.

Complaint.  Before Judge Martin.  Telfair superior court. April 18, 1905.

. Alison brought suit against S. M. Smith and C. F. Smith on a promissory note for $900 principal, besides interest. The defendant S. M. Smith was not served, and the defendant C. F. Smith interposed a plea, alleging that the note sued on was given for part of the purchase-price of certain timber, and that the contract of purchase was rescinded by mutual consent, and that there was no further liability on the note. The plaintiff having been adjudicated a bankrupt, Dickey, as trustee in bankruptcy, was made plaintiff in his stead. At the trial the defendant amended his plea so as to admit a prima facie case for the plaintiff, and assumed the burden of proof. The defendant then introduced the following testimony: A contract signed by Alison and the Smiths, dated March 13, 1900, reciting, that Alison had, on March 10, 1900, purchased under contract all the pine timber owned by Garbutt & Co., in Appling and Coffee counties, amounting to 17,255 acres, more or less; that the contract mentioned was to be rewritten on March 20, 1900, in order more fully to set forth the property embraced and the terms and conditions; and that, the Smiths being desirous of purchasing the timber, it was agreed that Alison, in consideration of $3.50 per acre, would sell, and the Smiths would buy, all the pine timber on the lands included in the contract above mentioned, $100 to be paid in cash and $19,900 to be paid on dates specified; that Alison warranted the title to the timber and agreed to assign to the Smiths, on May 1, 1900, his contract with Garbutt & Co., above mentioned. On the back of Alison's contract with the Smiths was an entry signed by him and dated May 1, 1900, as follows: "For and in consideration of nine hundred dollars ($900.00), the receipt of which is hereby acknowledged, I agree to extend the time for the payment of the balance due this date of ($19,000.00) nineteen thousand dollars for sixty days from above date also the ($900.00) nine hundred paid shall apply on amount due on the within contract. The

above amount being a note shall only apply if paid also the ($19,000.00) nineteen thousand dollars shall bear interest from May 1st, 1900."

There was evidence tending to show that Alison sold the timber to other parties, and also that, the Smiths having failed to pay the purchase-price, Alison notified them that he considered the trade as at an end. Subsequently the Smiths demanded of Alison the surrender of the note sued on, which is for the $900 referred to in the entry on the back of the contract, dated May 1, 1900. The defendant testified that the contract of purchase was rescinded by mutual consent. The plaintiff introduced no testimony, and claimed the right to open and conclude the argument before the jury. The court refused to permit this. The verdict was for the defendant. Plaintiff assigns error upon certain instructions of the judge, which were practically a direction of a verdict, and upon the refusal to allow him to open and conclude the argument.

*Graham & Graham* and *Hal Lawson,* for plaintiff.

*Haygood & Cutts,* for defendant.

COBB, P. J. (After stating the facts.)  1. The case turns upon the proper construction to be placed upon the entry dated May 1, 1900, which is set forth in the statement of facts. The plaintiff contends, that, properly construed, this was an agreement to pay $900 for an extension of time to pay the purchase-price of the timber; that it was a complete contract in itself, the consideration for the payment being the extension of the time; and that the subsequent rescission of the contract did not affect the defendant's liability upon the note given in pursuance of the terms of this entry. The defendant contends, that the effect of the entry was merely to increase the purchase-price of the timber $900; that it became a part of the contract of purchase; and that when this contract was rescinded, all liability on it ceased. If time was of the essence of the original contract, the failure to pay the purchase-price at the time stipulated would have caused the contract to cease and be at an end. If this was true, at the date of the entry there was no contract existing between the parties, no liability on the part of the defendant, nothing to extend; and the entry could not be construed in any other light than a new contract of purchase as of that date, with the purchase-price increased $900. If this was the contract between the parties, and was subsequently re-

scinded, as the evidence establishes, of course every part of it failed, and there would be no more liability upon the $900 note than there would be for the balance of the purchase-money. On the other hand, if time was not of the essence of the original contract, and there was still a valid and subsisting contract between the parties, and the plaintiff had the right to enforce the payment at once, he could, for a consideration, agree to extend the time of payment, and the amount agreed upon for the extension could be collected independently of the purchase-price, if such was the intention of the parties and the transaction did not violate the laws against usury. The defendant could also secure an extension by agreeing to increase the purchase-price to be paid for the timber. If this was done, the promise to pay an additional amount became part of the consideration of the contract of purchase, and when that contract failed the liability on this promise would cease. The entry recites that in consideration of $900 Alison agrees to extend the time of payment of the balance of the purchase-price 60 days. If this were all that the entry contained, the contention of the plaintiff would seem to be well founded. But the entry says "the $900 paid shall apply on amount due on the within contract," and this is followed by other language according with the contention that the note is to be treated as part of the payment of the purchase-price, the entry stating, "The above amount being a note shall only apply if paid." The language of the instrument is not altogether clear, but nothing appears therein to indicate that it was not the intention of the parties that this $900 should be treated as a part of the purchase-price of the timber. When it is so construed, the promise to pay the $900 became a part of the contract of purchase, and the rescission of this contract ended all liability on the note.

2. There was no error in refusing to allow the plaintiff to open and conclude the argument. The defendant, by his plea, assumed the burden of proof, and the plaintiff, by a mere failure to introduce evidence, did not relieve in any way the burden thus assumed. *Turner* v. *Elliott,* ante, 338.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*