(69 Misc. Rep. 631.)

### WHITE v. KENNY. .

#### (Supreme Court, Appellate Term.   December 8, 1910.)

TRIAL (§ 177*)—MOTION FOR DIRECTED VERDICT BY BOTH PARTIES—EFFECT.
　　Where plaintiff moved for a directed verdict, and defendant moved to dismiss the complaint, which was equivalent to a concession that there were no questions of fact, and neither party asked for the submission of any specific question to the jury, it was error to submit the case to the jury.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

　Appeal from City Court of New York, Trial Term.

　Action by William E. White against William F. Kenny.   From a judgment for defendant,' and from an order denying a new trial, plaintiff appeals.   Reversed, and new trial ordered.

　Argued before GUY, PLATZEK, and GAVEGAN, JJ.

　Niles & Johnson (W. W. Niles, of counsel), for appellant.
　Beardsley & Hemmens (George Tiernan, of counsel), for respondent.

　PLATZEK, J.   This is an appeal from a judgment in favor of the defendant, entered on the verdict of a jury, and from an order denying a motion for a new trial, in an action upon an assigned claim of the Automobile Club of America for services in making general repairs to and furnishing parts to defendant's automobile.

　The appellant contends that the court erred in not directing a verdict for the plaintiff, under the circumstances appearing in the following extract from the case on appeal:

　"Defendant's Counsel: I have some motions to make.   I renew my motion to dismiss the complaint on the ground that the plaintiff has failed to prove facts sufficient to constitute a cause of action.   * * *

　"The Court: Motion denied.

　"Defendant's Counsel: Exception.

　"Plaintiff's Counsel: I ask your honor to direct a verdict for the plaintiff. * * *

　"The Court: Motion denied.

　"Defendant's Counsel: Exception.   I move for the direction of a verdict for the defendant on the grounds stated in the motion to dismiss.

　"The Court: If you both move to direct a verdict, you take it away from the jury.

　"Plaintiff's Counsel: I am perfectly willing to.

　"Defendant's Counsel: I withdraw the motion, inasmuch as I have renewed my motion to dismiss the complaint, which amounts to the same thing, so far as protecting my rights is concerned."

　The request of counsel for the defendant for a dismissal of the complaint, and the plaintiff for the direction of a verdict, was tantamount to a concession that there were no questions of fact to be decided.   On the trial, neither party asked to submit any specific question of fact to the jury, thus treating the issue involved as one of law.

　Dillon v. Cockroft, 90 N. Y. 649, at page 650, was a case where the

─────────────────────────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant's counsel did not ask to go to the jury upon the facts, but made a motion to dismiss the complaint, which was denied before the plaintiff moved that the court direct a verdict. The court held that:

"The motion to dismiss the complaint was equivalent to a request to direct a verdict in favor of the defendants. Such being the case, the parties, by the motions made, each one of them, virtually agreed to submit the question of fact to the judge. * * * It is well settled that where the defendant moves for a nonsuit, or rests his defense upon questions of law, and does not request to go to the jury, and his motion is denied on the law, * * * he is estopped from raising the point upon appeal that there were questions of fact which should have been passed upon by the jury."

See, also, Shultes v. Sickles, 147 N. Y., at page 705, 41 N. E. 574.

Cullinan v. Furthmann, 70 App. Div. 110, 75 N. Y. Supp. 90, is a case where at the close of the evidence the defendants moved for a dismissal of the complaint, and, upon their motion being denied, plaintiff moved for a direction of a verdict. In that case it is held that where, upon the denial of a motion by the defendants for a dismissal of the complaint, the plaintiff moves for the direction of a verdict, a request by the defendant to go to the jury upon certain questions, made after the court has announced its intention to direct a verdict in favor of the plaintiff, but before the verdict has been taken or entered, is made in time, and, if the request be improperly denied, it is error. But the state of facts developed in the Cullinan Case is not applicable to the facts disclosed on the trial in the case at bar.

In Clancy v. N. Y., N. H. & H. R. R. Co., 133 App. Div. 119, 117 N. Y. Supp. 233, Woodward, J., writing for the court, said:

"At the close of the evidence, both parties moved for the direction of a verdict, and the learned trial court directed a verdict for the plaintiff for $18,000. Counsel for the defendant merely noted an exception, without asking to go to the jury upon any question, and upon this appeal, while conceding the general rule in respect to the effect of a verdict directed at the request of both parties, insists that it was error for the court to assess the damages. If the defendant wanted the jury to assess the damages, a request to go to the jury upon that question would have presented the matter to the court; but this was not done, and no authority is presented which holds that the question of damages is any different from any other question of fact, when the entire issue is, by consent, left to the trial court."

Upon the record and the authorities cited, it is manifest that the court erred in not directing a verdict either for the plaintiff or the defendant, and in submitting the case to the jury.

There are two other questions raised on this appeal, which need not now be determined.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

GAVEGAN, J., concurs. GUY, J., not voting.