WHITE v. KENNY.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. TRIAL (§ 148*)—MOTION FOR DIRECTED VERDICT—WITHDRAWAL.
    A party who has made a motion for a directed verdict may withdraw it at any time before rendition of the verdict, and ask to go to the jury on specific questions of fact; but mere withdrawal of the motion is not sufficient, without asking to go to the jury on any specific issue.
    [Ed. Note.—For other cases, see Trial, Dec. Dig. § 148.*]

2. TRIAL (§ 148*)—SUBMISSION OF ISSUES.
    The trial court may of its own motion submit such issues as it deems to exist.
    [Ed. Note.—For other cases, see Trial, Dec. Dig. § 148.*]

3. WORK AND LABOR (§ 28*)—ACTION—EVIDENCE—SUFFICIENCY.
    In an action for work, labor, and materials furnished in repairing an automobile, evidence held to sustain a verdict for defendant.
    [Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 28.*]

4. EVIDENCE (§ 241*)—DECLARATIONS BY AGENT—ADMISSIBILITY.
    In a suit for work and materials, defendant was properly permitted to show a conversation with the agent of plaintiff's assignor, whose authority to act was established.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 887–892; Dec. Dig. § 241.*]

Appeal from Appellate Term.

Action by William E. White against William F. Kenny. From a determination of the Appellate Term (69 Misc. Rep. 631, 126 N. Y. Supp. 123), reversing a judgment of the City Court, defendant appeals. Reversed, and judgment of the City Court affirmed.

See, also, 143 App. Div. 907, 127 N. Y. Supp. 1149.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Thomas H. Beardsley, for appellant.
W. W. Niles, for respondent.

DOWLING, J. This is an appeal from a determination of the Appellate Term, reversing a judgment in favor of defendant entered after the verdict of a jury in the City Court.

The action is brought by the plaintiff, as assignee of the Automobile Club of America, upon a claim of $727.47 for work, labor, and services performed and materials furnished in connection with the repairing of an automobile belonging to defendant. The judgment was reversed by the Appellate Term, upon the ground of error claimed to have been committed by the trial court in submitting questions of fact to the jury after both sides had rested and had moved for the direction of a verdict in their favor.

[1] It is well settled that, even after the making of a motion for the direction of a verdict, the party so moving may, at any time before the rendition of the directed verdict, withdraw his motion and request that he be allowed to go to the jury upon specific questions of fact. Maxwell v. Martin, 130 App. Div. 80, 114 N. Y. Supp. 349; Cullinan v. Furthmann, 70 App. Div. 110, 75 N. Y. Supp. 90; Eldredge v. Mathews, 93 App. Div. 356, 87 N. Y. Supp. 652. In this case, while the defendant withdrew his request for a direction of a verdict, he did not ask to be allowed to go to the jury upon any specific question of fact, and therefore the case does not come within the rule just quoted.

[2] But the court is not bound by the views of counsel upon the trial as to whether or not an issue of fact exists, and may of its own motion submit the entire issue, or such issues as he deems to exist, to the jury for their determination. In the case at bar, it is clear that issues of fact had been raised by the testimony, and the court was clearly right in so submitting them. It follows, therefore, that the ground assigned for the reversal of this judgment is untenable, and we are therefore required to consider the other grounds assigned by the respondents in this court as justifying reversal.

[3] The first ground is that the verdict was against the weight of evidence. We are unable to say that such is the case. The defendant testified to the making of a contract for the repairs to be made upon his automobile, from which it would appear that the original contract was for the doing of whatever work was required upon the machine at an agreed aggregate price of $400, and that when the work was finished the sum of $816 was finally agreed upon by them as a fair price for the work done, in view of its having been more extensive than originally contemplated. This amount the defendant concededly paid. Brokaw was not called as a witness to contradict the defendant; and, accepting the latter's version as correct, the verdict in his favor was justified.

[4] Nor is the objection which was raised to the admission of defendant's conversation with Brokaw well taken. The testimony clearly establishes Brokaw's authority to act for the plaintiff's assignor, for he was the superintendent of the repair shops of the club, and his general supervision of affairs therein appears from the testimony of his subordinates. Nor can the plaintiff successfully maintain that Brokaw did not represent it and had no authority to make the contract; for, if such was the case, it would have no contract whatever with the defendant, whose entire dealings were with Brokaw. The plaintiff cannot accept the benefits of a contract made by Brokaw,

131 N.Y.S.—27

as its agent, with the defendant, and then seek to prevent the defendant from showing what the contract was which he actually made with that agent.

We find no error in the record at the trial court warranting a reversal of the judgment there obtained. The determination and order of the Appellate Term must therefore be reversed, with costs to the appellant in this court and in the Appellate Term, and the judgment in favor of defendant in the City Court reinstated. All concur.

---

### DEMOS v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

Appeal from Trial Term, New York County.

