The facts pleaded in the case at bar to which the motion to strike was directed were neither relevant nor pertinent, nor could they be made the subject of a material issue, and were only placed there by the pleader for the sole purpose of arousing passion and prejudice and enlisting sympathy for his client, which they did to plaintiff's detriment, as shown by the verdict and judgment, and we respectfully maintain that the motion to strike should have been sustained. (Sec. 9166, Rev. Codes, 1921; 21 R.C.L. 595; Kerr's Pleading Practice, secs. 740, 741;Tynan v. Walker, 35 Cal. 634, 95 Am. Dec. 152; Purinton v.Jamrock, 195 Mass. 187, 18 L.R.A. (n.s.) 926, 80 N.E. 802;Crocker v. Mann, 3 Mo. 472, 26 Am. Dec. 684; Darnell v.Columbus Show Case Co., 129 Ga. 62, 121 Am. St. Rep. 206, 58 S.W. 631; State v. Harper, 6 Ohio St. 607, 67 Am. Dec. 363;Miser v. O'Shea, 37 Or. 231, 82 Am. St. Rep. 751, 62 P. 491.) *Page 149 
Each party having moved for a directed verdict, both agreed that the evidence offered presented only a question of law to be determined by the court. (Barkemeyer Grain etc. Co. v.Hannant, 66 Mont. 120, 213 P. 208; Fifty Associates v.Quigley, 56 Mont. 348, 185 P. 155; Bank of Commerce v.United States Fidelity G. Co., 58 Mont. 236, 194 P. 158;Stolze Land Co. v. Westberg, 63 Mont. 38, 206 P. 407;Durham v. Stuyvesant Ins. Co., 112 Misc. Rep. 440, 182 N.Y. Supp. 887; White v. Kenny, 69 Misc. Rep. 631,126 N.Y. Supp. 123, 131 N.Y. Supp. 416, 146 App. Div. 803.)
If it should be contended that the asking for the giving of instructions to the jury after the ruling upon these two motions for a directed verdict was sufficient to take the case out of the rule above stated and contended for, we respectfully submit that such is not the law. (West Chicago Street R.R. v. LeahLiderman, 187 Ill. 463, 79 Am. St. Rep. 226, 52 L.R.A. 655, 58 N.E. 367.)
The note sued on in this case is not a part of or secured by the contract involved in any way. In other words, we maintain that nonpayment of the note when due would or could not in any way breach the contract and, if this be true, the breaching or cancellation of the contract would not of itself void or in any way affect the note. There must have been an express agreement or understanding in writing between the parties to effect its rescission and cancellation or a redelivery to defendant by plaintiff (sec. 8529, Rev. Codes 1921) to effect its rescission or cancellation, and we respectfully submit the evidence does not show any such understanding or agreement and, in the absence of same, plaintiff was entitled to recover on the note sued on. While we have made a rather extensive examination of authorities, we have been able to find but one case on all-fours with the one at bar where this question is squarely passed upon. (SeeMitchell v. Hughes, 80 Or. 574, 157 P. 965.)
The power of the court to submit the case to the jury by the parties having both moved for a directed verdict is not limited by the views of counsel. The court is not bound to accept the views of counsel, and may overrule both motions and submit the whole case to the jury. (White v. Kenny, 146 App. Div. 803,131 N.Y. Supp. 416; Virginia Tennessee Hardware Co. v.Hodges, 126 Tenn. 370, 149 S.W. 1056; Fitzsimons v.Richardson, Twigg Co., 86 Vt. 229, 84 A. 811; McClure v.Wilson, 109 Wn. 166, 186 P. 302; State Bank v. SouthernNat. Bank, 170 N.Y. 1, 62 N.E. 677; Page v. Shainwald,52 App. Div. 349, 65 N.Y. Supp. 174.)
Other than the recital in the judgment, there is nothing in the transcript to show that both plaintiff and defendant, after the court's denial of both motions for a directed verdict, then requested, and submitted instructions to the jury on the issue. The following cases hold that where, after denial of a motion for directed verdict, request is made by the party against whom the ruling is made for submission of the cause, or any particular issue to the jury, there is no presumption that trial by jury is waived, and trial by jury is not waived: Koehler v. Adler,78 N.Y. 287; Switzer v. Norton, 3 App. Div. 173,38 N.Y. Supp. 350; Campbell v. Prague, 6 App. Div. 554, 39 N.Y. Supp. 558;German Sav. Bank v. Bates Addition Imp. Co., 111 Iowa, 432,82 N.W. 1005; Stanford v. McGill, 6 N.D. 536, 38 L.R.A. 760, 72 N.W. 938.
In the case at bar there was no default at the time of the offer to rescind; there was no attempt to declare a forfeiture or to claim any rights under the forfeiture clause; it was a rescission of contract by mutual consent of the parties. Under these facts the contract was completely extinguished. It could not thereafter be made the basis of an action, and an action does not lie to enforce any part of the purchase price. (Dickey v. *Page 151 Smith, 127 Ga. 645, 56 S.E. 756; Roney v. H.S. HalversonCo., 29 N.D. 13, 149 N.W. 688; Womenlsdorf v. O'Connor,53 W. Va. 314, 44 S.E. 191; Foster v. Smith, 56 Ill. 209.)
In those cases where an agreement for the sale of land has been mutually rescinded by the parties to the contract, the obligation to pay any of the purchase price is not only extinguished, but the vendee may recover from the vendor the amount of money paid on the purchase price. This is the rule without dissension and is the established law in this state. (Deitz v. Rabe, 65 Mont. 500, 211 P. 343; Maffet v.Oregon C.R. Co., 46 Or. 443, 80 P. 489; Hieatt v.Gassen, 41 Cal.App. 620, 183 P. 227; Gaume v. Sheets,181 Cal. 125, 6 A.L.R. 1433, 183 P. 535; Gwynne v. Ramsey,92 Ind. 414; Falke v. Brule et al., 17 Colo. App. 499,68 P. 1054; Redman v. Malvin, 23 Iowa, 296; Reiger v.Turley, 151 Iowa, 491, 131 N.W. 866.)
 STATEMENT OF THE CASE BY THE JUSTICE DELIVERING THE OPINION.
On June 30, 1917, the plaintiff and defendant entered into a contract for the sale of farm land, at the price of $5,000. Of this sum $500 was to be paid contemporaneously with the execution of the contract and the remainder in nine equal installments, the first falling due December 15, 1917, and the others on December 15 of each year, with interest on the deferred payments at the rate of six per cent per annum. Other provisions of the contract need not be stated, except that the purchaser was to receive a good and sufficient deed upon fulfilling all the terms of the contract. For the initial payment the defendant executed to the plaintiff a note dated June 30, 1917, whereby he promised to pay to the order of the plaintiff $500 one year after date, with interest thereon at the rate of six per cent per annum.
The defendant was in possession of the land when the contract and note were executed. But in September, 1917, he was drafted into the army and left the land on the 19th of *Page 152 
that month. He testified that while at Camp Lewis, Washington, the time being either the latter part of November or the first part of December, 1917, he addressed a letter to the plaintiff saying he was in the army, had no idea how long he would remain in that service; that he could not make any payments on the land, and he thought the best thing for the plaintiff to do would be to take the land back and sell it to someone else. Defendant said: "I told him my brother had the papers, the contract which he gave me, and that he could get them from him. I don't remember just how I worded it, but it was the meaning of the letter to break the contract, for him to get the contract back — call the deal off." Defendant's brother was living on land adjoining that which was the subject of the contract and was looking after defendant's interests while he was in the army. Defendant wrote to his brother saying he had written about canceling the contract and that if plaintiff called for the papers to give them to him. Seemingly defendant did not mention the note in either letter.
C.W. Ruckman, defendant's brother, testified that the plaintiff called upon him saying he (plaintiff) had received a letter from defendant in which defendant said "it looked very much like he was going across, and under the circumstances he did not think it would be possible to make any payments on the property," and he (defendant) thought the best thing for him (plaintiff) "to do was to take the place back and dispose of it to someone who probably could pay for it." Witness and plaintiff agreed to that summing up of the situation, upon which the witness gave plaintiff the contract. The plaintiff then went into possession of the land and sold it to another. Plaintiff did not deliver up the note to C.W. Ruckman when he received the copy of the contract from him; nothing was said about it by either.
Some time after defendant returned from the army, plaintiff asked him to pay the note. There is some conflict in the testimony as to how many times the subject was discussed *Page 153 
by the parties and what was said about it, but the upshot was that the defendant refused to pay the note.
In March, 1923, the plaintiff began this suit. The complaint is in the usual form. In his answer defendant pleaded the facts respecting the real estate contract and alleged that the promissory note in suit was executed and delivered to the plaintiff as a part of the consideration and purchase price for the land, and was a part of that transaction. He then alleged that immediately after the contract was executed he went into the possession of the land, plowed and cultivated a portion thereof, and seeded the same to winter wheat during the summer or early fall of 1917. Then in paragraph 3 of his affirmative defense he alleged: "In the month of September, 1917, this defendant was drafted, selected, and retained as a soldier in the army of the United States in the war with Germany and her allies, and that he remained constantly in the service of the army of the United States as a soldier from the time of his entry into said army and until the month of March, 1919, when he was discharged from further service." This was followed by the allegation that during the fall of 1917, and while he was in the army, he wrote the defendant a letter and told him that inasmuch as he was then in the army and would be required to stay in the army until discharged he would be unable to till and cultivate the lands and would be unable to meet the payments therefor as the same matured, and offered to surrender to the plaintiff the possession of the lands and to release the plaintiff from conveying the same to the defendant, the plaintiff to return to the defendant the said contract of purchase and the promissory note; "that is to say, the defendant offered to restore to the plaintiff all of said land, and all the rights the defendant had acquired to said land by virtue of said contract of purchase, upon the plaintiff canceling the defendant's obligation to pay the purchase price for said land"; that plaintiff accepted the offer, and thereupon defendant delivered the lands and the possession thereof to the plaintiff, who received *Page 154 
and thereafter retained the same. Defendant asked the court to enter a decree directing the plaintiff to deliver up the promissory note and contract as canceled, and to adjudge that the same had been rescinded by the mutual consent and action of the parties.
Plaintiff moved to strike from the answer the matter referring to defendant's service in the army, plaintiff's theory being that such allegations are immaterial and irrelevant and were inserted in the answer for the purpose of prejudicing the jury. The court overruled the motion.
In his reply plaintiff admitted that the defendant offered to return the land to him and that he accepted the same and took possession thereof prior to the maturity of the note, but averred the fact to be that at the time of the offer to return the same defendant was in default in the payments provided for in the contract, denied that defendant ever made any demand for the return of the note, alleged that when the land was returned to him by defendant it was greatly depreciated in value and that the market value of the same at the time of its return was from $2,000 to $3,000 less than when the defendant took possession thereof.
At the trial the plaintiff did not offer any testimony in support of his allegation concerning depreciation in value of the land. As to whether defendant, when he wrote the letter to plaintiff, was in default respecting the payment due December 15, 1917, the evidence is in conflict. Plaintiff denied that defendant at any time had demanded possession of the note.
At the close of the testimony the plaintiff moved the court to direct a verdict in his favor for the reason that the evidence of the defendant failed to show that the note was to be canceled as a part of the cancellation of the land contract. The defendant in turn moved for a verdict in his favor for the reason that the evidence showed a rescission of the contract under which the plaintiff took back the land and thereafter exercised the rights of ownership over the same. The court *Page 155 
overruled both motions and submitted the case to the jury, instructing it to return two separate findings as well as a general verdict.
The findings were as follows: "(1) Subsequent to the execution of the contract between the plaintiff and the defendant for the sale of the land described in the defendant's answer herein, did the defendant write a letter to the plaintiff stating in substance that the defendant would be unable to carry out the terms of such contract, offered to return to the plaintiff the defendant's copy of such contract, asked to be released from all liability for purchase price of said land, including note sued upon, and offered to return to the plaintiff the land described in such contract? Answer: Yes. (2) If you have answered interrogatory No. 1 in the affirmative, did the plaintiff accept the defendant's offer? Answer: Yes."
Thereupon the court rendered judgment for the defendant. The plaintiff moved for a new trial, which was denied, and thereafter the plaintiff appealed from the judgment.
1. The court did not err in refusing to strike from[1] defendant's answer the allegations respecting his service in the army. The defense set up was predicated upon the proposition that the contract between plaintiff and defendant had been rescinded by mutual consent, including the note which was a part of the transaction, the impelling cause for which was defendant's retention in the army. His offer to rescind the contract was based upon that fact. No one could tell how long he would be compelled to serve as a soldier. This condition of his affairs made it impossible for him to comply with his contract; therefore he offered to rescind the contract. And for the same reason, it seems, plaintiff accepted the offer. The reason which induced the parties to act as they did was an element of importance in arriving at a correct solution of the controversy before the court. The matter alleged was not only *Page 156 
proper by way of inducement, but also as going to the underlying cause which served to explain to the court the intentions of the parties upon the vital issue in litigation. It is true that the defense might have been stated more succinctly; nevertheless relevant facts only were pleaded.
2. Counsel for plaintiff contends that the court erred in[2] submitting the case to the jury after both parties had moved for a directed verdict. In moving as they did the parties agreed that the evidence offered presented only a question of law to be determined by the court (Barkemeyer Grain Seed Co. v.Hannant, 66 Mont. 120, 213 P. 208; Fifty Associates Co. v.Quigley, 56 Mont. 348, 185 P. 155), but the power of the court cannot be limited by such an agreement. The court may not agree with counsel. The court may deem the evidence in substantial conflict and if it does its power to require the jury to make a special finding or to return a general verdict, or both, is unquestioned. (See White v. Kenny, 146 App. Div. 803,131 N.Y. Supp. 416; Bank of State of New York v. SouthernNational Bank, 170 N.Y. 1, 62 N.E. 677; Virginia-TennesseeHardware Co. v. Hodges, 126 Tenn. 370, 149 S.W. 1056;McClure v. Wilson, 109 Wn. 166, 18 A.L.R. 1421, 186 P. 302.) Here the court was in doubt upon conflicting evidence. It desired the jury's judgment upon the question whether the parties intended to include the note in their contract of rescission and so submitted special findings touching that issue. This was commendable practice. Disputed points deemed material by the court often might be resolved to the court's satisfaction if special findings were required. All the facts and circumstances considered we think the jury was warranted in making the findings it did.
3. That the contract of sale between the parties was rescinded[3] by their mutual consent is beyond doubt. The promissory note in suit was an integrant part of that contract. A contract is extinguished by its rescission. (Sec. 7564, Rev. Codes 1921.) The offer to rescind and the acceptance thereof were unequivocal. The effect of the agreement of rescission was *Page 157 
to undo the contract, to treat it as if it had never been. "Now rescission has a well-defined meaning in law, and includes the idea of restoration of both parties to their status quo and the return by each to the other of the consideration given and received." (Reiger v. Turley, 151 Iowa, 491, 131 N.W. 866.) Properly, when plaintiff received from defendant's brother defendant's copy of the contract he should have delivered up the note This he did not do but by the court's order might well have been compelled to do.
The note was a promise to pay the initial payment required by the terms of the contract. Plaintiff failed to show that defendant was in default when he offered to rescind the contract. In any event, forfeiture of the contract had not been declared — the subject had not even been suggested.
Under the conditions shown by the evidence, when upon a mutual rescission of the contract the plaintiff received from the defendant restoration of the land which was the subject of the contract, the defendant was entitled to a return of what he had paid plaintiff upon the contract. This would have been the case had he paid the $500 in cash. It was so held in Dietz v.Rabe, 65 Mont. 500, 211 P. 343. (And see Black on Rescission and Cancellation, sec. 535; Reiger v. Turley, supra; Glock v.Howard Wilson Colony Co., 123 Cal. 1, 69 Am. St. Rep. 17, 43 L.R.A. 199, 55 P. 713; Maffet v. Oregon C.R. Co., 46 Or. 443,80 P. 489.)
Section 8529, Revised Codes of 1921, cited, has no application[4] to a situation like this. (Hornburg v. Larson,93 Wn. 74, 160 P. 11.)
The court did not require the note to be delivered up for cancellation, but no complaint is made on that score.
The judgment is affirmed.
Affirmed.
ASSOCIATE JUSTICES RANKIN, HOLLOWAY and STARK, concur.
MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision. *Page 158