(No. 5117. April 23, 1929.)

J. N. McCALL, Doing Business Under the Name and Style of CITY MEAT COMPANY, Appellant, v. FIRST NATIONAL BANK OF POCATELLO, a National Banking Association, and H. W. HENDERSON, Sheriff, Bannock County, State of Idaho, Respondents.

[277 Pac. 562.]

F. E. Tydeman, for Appellant.

F. M. Bistline, for Respondents, 

VARIAN, J.—Action against an attachment plaintiff and the sheriff in conversion for the sale of mortgaged property. Respondent bank commenced an action in the probate court on February 14, 1924, against Hugh Poling, his wife, Harley Poling, and Margaret R. Poling to recover $198.25, alleged balance due on a promissory note. Plaintiff had judgment against Hugh Poling and wife for the amount claimed, interest, $40 attorney fees, and costs. On appeal to the district court the cause was tried anew to a jury, resulting in a verdict and judgment against said defendants for $198.25. On appeal to this court the judgment was in effect affirmed as to Hugh Poling, and reversed as to his wife. (*First National Bank of Pocatello v. Poling*, 42 Ida. 636, 248 Pac. 19.) A writ of attachment issued in the probate court February 14, 1924, which was levied on said day upon certain restaurant fixtures and appliances situate in the city of Pocatello, the sheriff placing the owner of the building in which they were situate in charge thereof as keeper.

After appeal to the district court, defendants Hugh Poling and wife moved to vacate the attachment upon several grounds to the effect that the attachment was irregularly and improperly issued. The district court decided against defendants' contentions, and they appealed from his action in that regard. That appeal was dismissed by this court

because there had been no formal record made of the court's order, either in the minutes of the clerk or by signed order filed with the clerk. (*First National Bank of Pocatello v. Poling, supra.*) After the coming down of the *remittitur* in said case, the trial court entered an order on March 23, 1927, denying said motion to vacate the attachment.

The present action, .commenced October 29, 1926, sets up a chattel mortgage securing the payment of a promissory note of even date therewith, executed on February 15, 1924, filed for record February 16, 1924, covering the identical restaurant fixtures and equipment levied upon by the sheriff in said attachment suit. After alleging the execution and filing of the chattel mortgage and its nonpayment, appellant alleges the amount due thereon, and that while so unpaid and unsatisfied the defendants, against the will and without permission of appellant, removed said property from the possession of the mortgagors and converted the same to their own use, to plaintiff's damage, etc. The amended complaint then alleges the value of the property at the time of the alleged conversion, with interest at the rate of eight per cent per annum from February 15, 1924; that plaintiff does not know where the property is now located, and that the defendants do not have the same in their possession; that plaintiff's security has been rendered valueless.

Answering, respondents admitted the formal allegations of the amended complaint and the record of the chattel mortgage, and denied all the other allegations, and by way of affirmative defense set up that the property mentioned in the chattel mortgage was subject to a pledge of the Citizens Bank of Pocatello for the sum of $235, and certain conditional sale contracts upon which there was a balance due of $150, and plead the lien of its attachment in the suit against Poling et al., and that all of said liens were superior to the lien of the said chattel mortgage. The answer then sets up all of the proceedings had in the attachment suit, including the order denying the motion to vacate the attachment, and judgment entered after the coming down of the

*remittitur* from this court. It is also alleged that respondent has paid off the lien of said Citizens Bank and the balance due on the conditional sale contracts; that the interest of Poling in the mortgage property was sold under execution and bought in by respondent for $25, the value of his interest therein.

The cause was tried to a jury. Plaintiff introduced his note and mortgage, showed there was no other security for the note. Hugh Poling testified for plaintiff that he executed the note and mortgage; that the property was sold by the sheriff; that it was sold without his consent; that he had been running a restaurant and owed the Citizens Bank for rent; that he had been closed up for some time before the sale; that he had a key and the bank had another, and that he turned over his key to the bank, whose officers thought they might have a chance to rent the room occupied as a restaurant. He was very indefinite in his recollection of matters that had transpired more than three years before, which is to be expected. Said he left the property in the building with the intention of opening up again in the spring. Respondents by stipulation introduced the record in the case of *First National Bank of Pocatello v. Poling,* and rested. Appellant moved for judgment on the pleadings, which was denied, and then moved for an instructed verdict for the sum prayed for in his complaint. Thereupon, respondents also moved for an instructed verdict. Appellant did not withdraw his motion, point out any fact for determination by the jury, or request any instruction, and the court directed the jury to find a verdict for the defendants, which was done.

The first contention is that the court erred in not granting appellant's motion for judgment on the pleadings. The answer recites the entry of a judgment in the attachment case in accordance with the terms of the *remittitur* of this court, ''which judgment was a judgment of dismissal as to the defendant Zetta Poling, and judgment was entered'' on the same date against Hugh Poling. The *remittitur* in the Poling case stated:

"The cause is remanded with directions to vacate the judgment, to dismiss the action as to the defendant Zetta Poling and to enter judgment against the defendant Hugh Poling; as so modified the judgment will be affirmed, with costs to respondent in the sum of $26.50."

A careful reading of the opinion in the *First National Bank of Pocatello v. Poling, supra,* discloses that the judgment as to Hugh Poling was not in any manner modified or changed. The opinion holds the judgment against the wife, Zetta Poling, unwarranted because she was a married woman and her separate estate was not bound under the pleadings and evidence. The language quoted from the *remittitur* must be construed to mean that this court affirmed the judgment against Hugh Poling and did not intend to order it vacated. The judgment against Hugh Poling not having been vacated by this court, nor by the district court after the coming down of the *remittitur,* it follows that the court did not err in denying appellant's motion for judgment on the pleadings.

Appellant contends that the case should have been submitted to the jury under the rule announced in *Oregon Short Line R. Co. v. Mountain States T. & T. Co.,* 41 Ida. 4, 237 Pac. 281. In that case the court quoted with approval from *Thompson v. Simpson,* 128 N. Y. 270, 28 N. E. 627, as follows:

"The effect of a request by each party for a verdict in his favor clothed the court with the function of a jury, and it is well settled that in such case, where the party whose request is denied does not thereupon request to go to the jury upon the facts, a verdict directed for either party stands as would the finding of a jury for the same party in the absence of any direction; and the review in this court is governed by the same rules as in ordinary cases rendered without direction."

Continuing, the opinion in this court reads:

"The question seems new in this state . . . . But it seems conformable to reason that, where it is done, each party must have intended to submit the case to the court for its

finding upon the facts as well as the law; and when, as in this case, the party against whom the verdict is rendered does not ask to have the case submitted to the jury, he cannot be heard to say there was error because there was some evidence tending to support the issue in his favor. In such case the finding of the jury in accordance with the instruction of the court should be given the same consideration as if it had been rendered without such instruction.''

At the conclusion of the testimony, each party moved for judgment on the pleadings, and then each moved for an instructed verdict. Appellant's motion for an instructed verdict was denied and respondents' granted, whereupon appellant's counsel said: ''If the court please, to which motion the plaintiff objects, and requests, at least,—and if necessary for the record, demands—that the case go to the jury.''

It has been held in jurisdictions where the rule quoted obtains that the defeated party cannot ask to go to the jury generally, but must specify the particular question of fact he desires submitted (26 R. C. L., p. 1081, sec. 83; 38 Cyc., p. 1584; note, 6 Ann. Cas. 547; note, Ann. Cas. 1913C, 1347; *White v. Kenny,* 146 App. Div. 803, 131 N. Y. Supp. 416; *Citizens' Nat. Bank v. Texas Compress Co.* (Tex. Civ. App.), 294 S. W. 331, 337), or offer instructions with the request they be given the jury. (*Osterholm v. Boston & Montana C. C. & S. M. Co.,* 40 Mont. 508, 107 Pac. 499, 503. See, also, *Charles H. Brown Paint Co. v. Reinhardt,* 210 N. Y. 162, 104 N. E. 124.) If, therefore, there is substantial evidence to support the verdict, it will not be set aside. (*Oregon Short Line R. Co. v. Mountain States T. & T. Co., supra.*)

Appellant contends that no valid attachment of the chattels covered by his chattel mortgage existed at the date of the execution and filing of said mortgage. It is not disputed that the attachment levy, if valid, was made prior to the execution and record of the chattel mortgage, but appellant asserts that the property was in possession of the Citizens Bank under a pledge to it at the time the levy was made. While the defendant plead that a portion of the

property was pledged, and that it subsequently paid the amount secured thereby, the evidence does not show the property was in fact pledged. Poling, defendant in the attachment suit, testified that he left the property in the room rented by him with the intention of opening up his restaurant in the spring. He stated that he assumed that the bank, as landlord, had a lien on the property for rent. There is no evidence of the giving of any pledge. The contention that the sheriff did not take possession of the attached property is not sustained by the evidence. The sheriff's return is to the effect that he attached the property in the possession of the Citizens Bank & Trust Company, a corporation, and attached the same by taking the same into his custody and placing the Citizens Bank & Trust Company in charge as keeper. Attached to the return is an inventory of the property attached. Poling testified to the effect that he had a key to the room occupied by him as a restaurant, and the bank had a key, and that he gave his key to the bank when he ceased doing business. The record is silent as to when he ceased to do business and as to the date he turned in his key. It might have been turned in prior to the levy, or simultaneously therewith; in either event this testimony does not dispute the return. The testimony implies that he had ceased doing business when he gave the mortgage to appellant.

The return of the sheriff is *prima facie* evidence of the facts stated in his return (C. S., sec. 3598), and until the contrary is proved, the presumption is that the officer has performed his duty and the return speaks the truth. (*American Fruit Growers, Inc., v. Walmstad,* 44 Ida. 786, 260 Pac. 168.)

The contention that the judgment under which the property sold was vacated, as we have already seen, is not sustained by the evidence. No sale was proved except by the testimony of the witness Poling, who stated that the sheriff sold the property.

Appellant complains that the judgment in the district court reduced that of the probate court in the amount

of $40, the sum allowed for attorney's fees in the latter court, and since the affidavit for attachment claims attorney's fees, and the judgment in the district court does not allow any, the affidavit was false in this respect. It is apparent from the record that respondent was entitled to attorney's fees in the attachment suit, since the note sued on provided therefor, and the failure to allow the same may be attributed to inadvertence. The variance is not sufficient to render the attachment void. (6 C. J., p. 127.)

We find no error, and the judgment is affirmed. Costs to respondents.

Givens and Wm. E. Lee, JJ., concur.

Budge, C. J., took no part in the decision.

Petition for rehearing denied.