GEORGE W. BARTON vs. ORVILLE SACKETT, STEPHEN G. GURNSY and EDWARD P. BARTON.

The 144th section of the code, which provides that "any material allegation of new matter in the answer, not specifically controverted by the reply, as prescribed in § 131, shall, for the purposes of the action, be taken as true," must be confined to allegations of *fact*, and cannot refer to an averment of the legal construction or effect of written instruments; much less can it be applied to the *intention* or *meaning* of parties when they execute a written contract. An answer which contains an allegation of the *meaning* of a written contract or agreement (but does not deny its execution) should be deemed by the court "an *immaterial allegation*," and disregarded at the trial, as the Plaintiff cannot demur.

Nor can such an answer be deemed equivalent to an allegation of mistake, or surprise, in the execution of the agreement, so as to entitle the Defendant to have it modified or avoided on either of those grounds.

*Dutchess Circuit,* Dec. 9, 1848.—The complaint alleged that the Plaintiff held a promissory note against Ira H. Sherman and Edward P. Barton—that Sherman assigned all his property to the Defendants, who, in consideration thereof, agreed with Sherman, by instrument in writing, to assume the payment of said note.

The Defendants, Sacket and Gurnsey, without denying the execution of the instrument, both deny that they *intended* by the instrument to render themselves liable for any debts which they were not liable for previously, and state with particularity what was their meaning and intention. ·

The Plaintiff replies by setting forth the agreement, and averring that it was given at the time of the assignment, and as the consideration thereof. By the agreement the Defendants assumed upon themselves to jointly and severally pay certain notes upon which one or more of them was liable as surety, including the note in question. It was not under seal. After the Plaintiff had proved the assignment, agreement, &c. the Defendant's counsel moved for a nonsuit, on the ground, among other things, that the reply by *not negativing the defendant's averments as to the meaning and intention of the agreement,* had admitted them, and could not, therefore recover.

H. SWIFT, G. DEAN and WM. R. PECK, *for Defts.*

WM ENO, *for Plaintiff.*

BARCULO, Justice.—The 144th section of the code of procedure provides that "every material allegation of new matter in the answer, not specifically controverted by the reply, as prescribed in section 131, shall, for the purposes of the action, be taken as true." The statute must be confined

to allegations of *fact* and cannot refer to an averment of the legal construction or effect of written instruments; much less can it be applied to the *intention* or *meaning* of the parties, when they execute a written contract. To adopt the construction claimed by the Defendant's counsel, would be to subvert, not only the rules of pleading, but the plainest principles of justice. Instead of determining what the parties did, we should spend our time in the vain attempt of endeavoring to ascertain what they *intended* to do. That part of the answer which relates to the *meaning* of the agreement must be deemed an *immaterial* allegation, and as the Plaintiff is not permitted to *demur*, it must be disregarded at the trial.

Nor can I yield to the argument that this answer is to be deemed equivalent to an allegation of mistake, or surprise, in the execution of the agreement, so as to entitle the Defendants to have it modified or avoided on either of those grounds. Whether, under the present system, matters which have heretofore been deemed of purely equitable cognizance, may now be set up as a defence to an action founded upon common law principles: and if equity is thus permitted to over-ride the legal rights of parties in all our courts, whether we are any longer the Supreme Court, having "jurisdiction in *law* and equity," mentioned in the Constitution, are questions which need not now be discussed. It is sufficient for this case to say that the Defendants have not relied upon any distinct allegation of mistake or surprise which would entitle them to relief on that ground in a Court of Equity. *Motion denied.*