GASSERT, RESPONDENT, v. BLACK ET AL., APPELLANTS.

[Argued July 6, 1891. Decided October 13, 1891.]

MORTGAGES—*Partnership—Accounting—Pleading.*—An answer to a complaint on foreclosure of a mortgage which avers that the plaintiff and defendants were copartners at the time of the execution of the note and mortgage; that the copartnership still exists though the business has ceased; that the indebtedness secured by the mortgage was connected with and given to raise funds for the copartnership business, and for the additional purpose of acknowledging the amount due plaintiff on account of advances made by him, there not being facilities at the time for making a full settlement of the copartnership affairs as was contemplated; that the plaintiff is indebted to the defendants and to the copartnership in a certain sum for money and services rendered the firm which he agreed to pay, and which grew out of the transactions for which the note was given; that the note not having been used to raise funds was but an account stated; and which prays for dissolution and an accounting, states facts sufficient on demurrer to constitute a defense to the action.

SAME—*Reformation of written instrument—Pleading.*—In an action for the foreclosure of a mortgage for default of interest, where the note provided for the payment of annual interest and the mortgage authorized foreclosure in default of principal or interest, a cross-complaint which avers in effect that at the time of the execution of the mortgage it was agreed that no interest should be payable until the maturity of the principal, and that the mortgage should not be foreclosable on default of annual interest; that it was intended that the mortgage should express this agreement, but that by mistake it provided for foreclosure on default of annual interest; that the mortgage did not, therefore, contain the true agreement of the parties; and that the mistake was mutual, alleges facts sufficient to sustain a reformation of the mortgage.

*Appeal from Sixth Judicial District, Park County.*

Action to foreclose a mortgage. A demurrer to the answer and cross-complaint was sustained by HENRY, J.

Statement of the case by the judge delivering the opinion.

The District Court sustained a demurrer to the defendants' answer and cross-complaint. Judgment then followed for the plaintiff. The sufficiency of the defendants' pleading is therefore the question on review. It becomes necessary to state quite fully the complaint, answer, and cross-complaint, and the demurrer thereto.

The complaint sets forth that defendants Black and Randall, on December 9, 1888, gave their promissory note to plaintiff in the following words:—

"$13,334.                BOZEMAN, M. T., December 9, 1888.

"On or before the ninth (9th) day of December, 1892, we promise to pay to H. Gassert the sum of thirteen thousand

three hundred and thirty-four dollars ($13,334), for value received, interest at the rate of ten per cent per annum from date until paid.  Interest payable annually.

"W. H. RANDALL.

"M. M. BLACK."

That, to secure the payment of said principal sum and interest, defendants executed and delivered to plaintiff a mortgage of even date upon property (describing it), and conditioned for the payment of said sum and interest at the rate and at the times and in the manner specified in said note, and according to the conditions thereof.   The mortgage was duly acknowledged and recorded, and a copy with the indorsements is annexed, and made a part of the complaint.

The complaint was filed December 24, 1889.   It further alleges that no part of the principal or interest is paid ; that the interest from December 9, 1888, to December 9, 1889, $1,333.40, is past due and unpaid ; that plaintiff is owner and holder of the note and mortgage.   The mortgage pleaded contains the clause :  " But, in case default be made in the payment of the principal sum or interest as above provided [the mortgage having set forth the note in full], then the party of the second part, his executors, administrators, and assigns, are hereby empowered to sell the premises above described," etc., "and out of the money arising from such sale to retain said principal and interest," etc.

The complaint then contains the ordinary prayer for judgment and foreclosure.

The amended answer and cross-complaint, upon which the case was determined, was filed October 9, 1890.   This pleading is in three divisions, which may be stated as follows : —

1.  That at the date of the execution of the note and mortgage, and a long time prior thereto, to wit, on February 5, 1886, the plaintiff Gassert and one Jacob Reding and defendants, Black and Randall, were copartners, under the firm name of Gassert, Black & Co., in a business (describing it).   It may be observed here that Rosa Black is a party simply as having signed the mortgage in release of her dower as wife of M. M. Black.   That shortly after the formation of the copartnership Reding sold his interest to Gassert, who succeeded thereto with

the consent of defendants, and who ever since has been and now is a member of the firm composed of Gassert, Black, and Randall, and no other persons are interested in the firm. But the allegation is that Reding was a member of the firm at the time of the execution of the note and mortgage. Originally the partnership was an equal one between Gassert, Reding, Black, and Randall. After Gassert's succession to the Reding interest, Gassert had a half, and Black and Randall a half. When this succession took place does not appear in this division of the answer, except that it was subsequent to the giving of the note. That by the terms of the copartnership agreement each should contribute his labor, skill, and services, and defray expenses in proportion to his interest. The indebtedness mentioned in the complaint grew out of and was connected with the copartnership business, and was given to raise funds to carry on the same. At no time prior to the execution of the note did plaintiff contribute his labor, skill, or services to the business, but defendants did so do. That the labor, etc., which should have been rendered by plaintiff, and which were rendered by defendants, up to the date of the execution of the note, amounted to $2,551.67, and that the advances made by defendants in money, property, and effects up to said date and during the copartnership in and about the business amounted to $10,358.75, and on account whereof the plaintiff was at the time said interest became due and payable indebted to defendants in the sum of $12,910.41, which he promised and agreed to pay, and which is due, and grew out of the transaction for which the note was given.

This is the substance of the first division of defendants' pleading. They then go into another matter, and set out:—

2. They repeat the allegation of partnership, and say that the note and mortgage were executed for the purpose of raising money to be used in the copartnership business, and were not to include and did not include therein the amount due these defendants on account of labor, skill, and services rendered by them for the firm, or the advances of money, etc., by them brought into the firm up to the date of the execution of the note and mortgage. Since the giving of which note and mortgage the copartnership business has entirely ceased. And that

said note, not having been used to raise funds for the copartnership, is but an account stated as to the expenditures of the plaintiff. That said partial settlement was made, and the note and mortgage executed, for the said purpose of raising money, and in the absence, at the time, of the facilities for making a full settlement of the affairs of the copartnership, and for the sole and only additional purpose of recognizing and acknowledging the amount due to the plaintiff on account of advances made by him. That therefore the settlement of the amount due to defendants, as before set forth, was deferred, and left to be completed within a reasonable time. That no settlement or accounting thereof has ever been had, as understood and contemplated, and there is now due and owing to defendants from plaintiff the sum aforesaid, which defendants pray may be allowed as an equitable counter-claim and set-off to the note.

3. Then, for cross-complaint, defendants set up as follows: That, at the time of the execution of the note and mortgage, Black and Randall and Gassert were partners, owning, Gassert half, and Black and Randall half of said business. That prior to said partnership the plaintiff and Reding were copartners under the name of Gassert, Black & Co. That Gassert purchased Reding's interest, and became the owner of one half the said business. That at the time of the execution of the note and mortgage it was expressly understood and agreed that plaintiff would not require the payment of the interest before the maturity of the principal of the note, and that there was no agreement that upon failure to pay the interest the note should become due, or that the right to foreclose the mortgage should accrue on that account, but it was agreed that the indebtedness should not become due until the maturity of the · note. That for the purpose alone of enabling the plaintiff to use said note and mortgage as collateral security to raise money, which he claimed was necessary to carry on the business, the same was executed, and has not been used therefor. The interest upon said note was made payable annually, whereby these defendants became liable for the payment thereof accordingly. That the provisions of the mortgage whereby, upon failure to pay interest upon maturity of the same, the plaintiff was empowered to sell the premises, etc., occurred through a mutual

mistake made by plaintiff and defendants, and in violation of the agreement before set forth.   The mistake occurred through the fact that said Black performed the clerical work in preparing the mortgage, and the provisions as to foreclosure upon failure to pay interest were not observed or noticed, and therefore do not contain the true agreement of the parties, and by which said money was to be raised without any such conditions, which mutual mistake was not discovered by defendants until this suit was commenced.   That defendants relied upon the agreement as really made, and that a reformation of said mortgage in accordance with the real agreement is necessary and proper for the preservation of the rights of defendants.   That the partnership has never been settled and a dissolution of the same has never been had.

The prayer is that the mortgage be reformed; that the right of recovery of plaintiff be limited to his interest in the said note, and in accordance with the terms thereof; that the partnership be dissolved; that an accounting be had; that defendants have judgment for what may be found due above the half interest in the note.

Plaintiff demurred to this pleading, that it did not set forth facts sufficient to constitute a defense or counter-claim, and separately to each division of the defendants' pleading, which grounds of demurrer are set out as follows: —

1. That no defense is set up in this section of the answer. That the matter therein set up shows a partnership between the plaintiff, defendants, and Reding, and does not show that any accounting or settlement was ever made between them, or any of them; nor does it show that there was ever any agreement between plaintiff and Reding or defendants by which the indebtedness of said firm was to be paid by plaintiff; nor does it show that any indebtedness which would be chargeable to Reding upon an accounting between the members of the firm was ever agreed to be paid by plaintiff; nor does it show that plaintiff ever agreed to pay defendants for their services to the co-partnership.

2. As to the second section of the answer, the demurrer is practically upon three grounds: (a) That the matter is not a defense or counter-claim, as covered by the first paragraph of

the demurrer; (*b*) that the matter set up shows a copartnership between plaintiff and defendants, and does not show an accounting or settlement, and that therefore the claim of defendants is not a set-off; (*c*) that the matter set up is uncertain, unintelligible, and contradictory, in that it alleges that the note and mortgage were made for the purpose of enabling plaintiff to raise money on the same to be used in the copartnership business; and again, that the note and mortgage were executed for the sole and only additional purpose of recognizing and acknowledging the amount due to plaintiff on account of advances made by him, and further set forth that the parties to the action are still copartners, and that at the time of the execution of the note the copartnership had ceased.

3. As to the third portion of the answer, that designated as the cross-complaint, the demurrer is upon two points: (*a*) That the matter does not set forth a defense or counter-claim; (*b*) that the cross-complaint is uncertain and unintelligible, in that it alleges that the note and mortgage were made with the understanding that the interest was not to be paid until the maturity of the note, and further it is alleged that the interest was made payable annually so as to enable the plaintiff to raise money by using it as collateral security for a loan. Again, it is alleged that a mistake was made in making the interest payable annually, and that no mistake was made in the note, and that a mistake was made in the mortgage given to secure the note.

This demurrer was by the District Court sustained, and judgment accordingly entered for the plaintiff. The demurrer to the answer is now for review before this court.

*Toole & Wallace,* for Appellants.

The answer sets up that the note in suit was given as evidence of moneys advanced in partnership business to Gassert, Black & Co., comprising all the parties to this suit save Rosa G. Black, who, it is alleged, signed the mortgage simply to convey her dower, and that at the same time there was owing to Randall and Black a sum in the neighborhood of $13,000, for moneys advanced and time contributed by them to the said business, which should be a counter-claim arising out of the

same subject-matter. As to these advances it must be borne in mind that this action is one between the original parties to the note, and that it is alleged that the defendant promised and agreed to pay these advances so made in said sum. A note is only *prima facie* evidence of the settlement of previous indebtedness. (*Graves* v. *Schulman,* 59 Ala. 406.) Reding was eliminated from the concern before the execution of the note, or before the commencement of the suit, therefore it would be a proper counter-claim. But though not properly a counter-claim, it could be made so by agreement between the parties, as is here alleged. (*Davis* v. *Notware,* 13 Nev. 421; *Perkins* v. *Hawkins,* 9 Gratt. 649; *Mitchell* v. *Sellman,* 5 Md. 376.)

The case of *Anderson* v. *Robertson,* 32 Miss. 242, 245, clearly shows that this defense, though involving the claims of partners, would constitute an equitable defense to a suit on this note as between the original parties, and under our Code Practice, as repeatedly determined by our Supreme Court, equitable defenses may be interposed to actions at law or in equity.

The second defense set up in the answer involves a specific agreement that the note should be given as evidence simply, or voucher of the moneys owing from them to Gassert for moneys advanced, to be used by him in raising money for partnership purposes, and that by the same agreement a settlement of the other side of the account, the moneys advanced by them was to be speedily had, which settlement never yet has taken place. This is a complete defense. Where notes are executed as vouchers for moneys advanced, and not intended to be paid, they cannot be collected. (*Cone* v. *Henderson,* 30 N. Y. 374; 5 General Digest, U. S. 305.) Where a note is given for a special purpose, as between the original parties, equity will not allow its collection, unless it has been used for that purpose. (*Schindler* v. *Muhlheiser,* 45 Conn. 153; 3 Randolph on Commercial Paper, § 1904.) The appellants were clearly entitled to the relief sought in the cross-complaint, as no doctrine is better settled than that where an instrument is executed for the purpose of representing a prior agreement between the parties, whether by parol or otherwise, but in truth and in fact, by reason of a mutual mistake, it actually violates it, courts of equity will promptly lend their aid. (*Walden* v. *Skinner,* 101

U. S. 585; *Elliott* v. *Sackett,* 108 U. S. 132; *Ruhling* v. *Hackett,* 1 Nev. 360; *Quivey* v. *Baker,* 37 Cal. 471; *Wheeler* v. *Kirkland,* 23 N. J. Eq. 25.) While appellant Black prepared the instrument, the appellant Randall had nothing to do with its drafting, and as to him it could certainly be reformed. (*Andrews* v. *Gillespie,* 47 N. Y. 487.)

*Savage & Day,* for Respondent.

I. The note sued on is a joint claim against Black and Randall as individuals. The claims set up by the defendants as counter-claims are either several demands by Black and Randall for labor rendered separately by each to the partnership, without alleging how much is due to each, or a demand by a partnership composed of Black and Randall against Gassert, on account of a partnership of Reding, Gassert, Black, and Randall. In either case it is an attempt to set off a demand existing in a different right. The counter-claim to be set off must be one existing in favor of a plaintiff or defendant and against a plaintiff or defendant, between whom a several judgment might be had in an action. (Code Civ. Proc. § 90.) This excludes a joint debt as a set-off against a several one, and *vice versa.* (*Howard* v. *Shores,* 20 Cal. 278.) In an action on a promissory note against two makers, who are jointly liable, one of them cannot plead as a counter-claim an individual debt due from payee to himself, without alleging insolvency of payee. (*Kemp* v. *McCormick,* 1 Mont. 420; *Collier* v. *Ervin,* 3 Mont. 142.) A debt due to a partnership cannot at law be set off against a debt due by the individual partner. (*Lamb* v. *Brolaski,* 38 Mo. 51.) In a suit between partners on a note given on partial settlement, the defendant cannot set off the acknowledgment of debt due to the firm and not to defendant individually. (*Sturges* v. *Swift,* 32 Miss. 239.) Nor is such a demand a proper set-off in equity. To justify the allowance of a set-off of a joint debt against an individual claim in equity it must be shown that the joint debtors are insolvent. (*Howard* v. *Shores,* 20 Cal. 278; *Collins* v. *Butler,* 14 Cal. 223.) A court of equity will not allow a set-off where a court of law would not, unless there exists special equities growing out of the transaction itself,

which require it; which equities must be affirmatively shown by the party claiming the equitable right. (*Lockwood* v. *Beckwith*, 6 Mich. 168; 72 Am. Dec. 69; *Hayes* v. *Hayes*, 2 Del. Ch. 191; 73 Am. Dec. 709; *Jennings* v. *Webster*, 8 Paige, 503; 35 Am. Dec. 722.) Equity follows the law in the allowance of the set-off as a general principle, and will not allow a set-off of debts accruing in different rights. (*Robbins* v. *McKnight*, 1 Halst. 642; 45 Am. Dec. 406; *Blake* v. *Langdon*, 19 Vt. 485; 47 Am. Dec. 707.)

II. The claim attempted to be set up as a counter-claim is a claim due from the partnership to Messrs. Black and Randall, on account of their individual labor and advances. One partner cannot maintain an action against his copartner for personal services rendered the copartnership. (*Causten* v. *Burke*, 2 Har. & G. 295; 18 Am. Dec. 297; *Reybold* v. *Dodd*, 1 Har. (Del.) 401; 26 Am. Dec. 401.) Further, it is a demand by Black and Randall each against the partnership of which Reding was a partner, and there is no allegation that as to him there has been a settlement. One partner cannot, before a settlement, set off a debt against the partnership against the separate demand of the other partner. (*Finney* v. *Turner*, 10 Mo. 208.) The unsettled dealings of either partner with the firm cannot be set off in an action by one partner against the other. (*Ordiorne* v. *Woodman*, 39 N. H. 541.) The allegations of the answer are that the settlement had at the time of the execution of the note and mortgage was a partial settlement, and that no other settlement has been had as then contemplated.

III. The grounds of the counter-claim and of the cross-complaint for reformation are based upon a contemporaneous agreement with the execution of the note and mortgage. But there is no ambiguity in the instrument, and therefore inferior testimony is not admissible to explain and contradict what is written. (*Glendale W. Co.* v. *Protection Ins. Co.* 21 Conn. 19; 54 Am. Dec. 316; *Stephens* v. *Cooper*, 1 Johns. Ch. 425; 7 Am. Dec. 499, opinion by Chancellor Kent; *Dent* v. *Bird*, 67 Cal. 652; *Guy* v. *Bibend*, 41 Cal. 322; *Donahue* v. *McNulty*, 24 Cal. 412; 85 Am. Dec. 78; *Jungerman* v. *Bovee*, 19 Cal. 355.) Where the meaning of a written instrument is doubtful, extrinsic evidence may be resorted to for the removal of the

doubt, but such evidence is not admissible to show that the effect of the instrument is different from that which its terms plainly and equivocally denote. (*Richardson* v. *Scott River W. & M. Co.* 22 Cal. 150; *Brannan* v. *Mesick*, 10 Cal. 95.) The maker of a promissory note, with whatever motive or purpose he may sign it, is bound by the contract which he signs according to the legal effect and meaning of the words. He cannot vary that meaning by parol. (*Aud* v. *Magruder*, 10 Cal. 282.)

IV. A mistake, to be the ground of equitable relief, must be mutual, unintentional, and free from negligence. (15 Am. & Eng. Encycl. of Law, p. 629, et seq., and authorities cited.) The bill to reform the instrument must clearly show that the mistake was mutual, and must allege the facts, not merely the conclusions. (*Durham* v. *Fire & M. Ins. Co.* 22 Fed. Rep. 468.) The cross-complaint in question does not allege that the plaintiff desired the mortgage drawn other than it was, nor does it allege that he was ignorant or was mistaken as to the terms of the mortgage. The allegations of the cross-complaint tend to show that the parol agreement, if there was one, was not to be expressed fully in the note and mortgage, and in the absence of positive averments, the court will not presume the mistake of the plaintiff, and grant the defendant relief. Where the allegations of mistake are not consistent with each other equity will refuse relief. (*Rowe* v. *Horton*, 65 Tex. 89.) Where the mistake is due to the party's own carelessness or negligence the court will not grant relief. (*Robertson* v. *Smith*, 11 Tex. 211; 60 Am. Dec. 234; *Belt* v. *Mehen*, 2 Cal. 159; 56 Am. Dec. 329.) Unless the scrivener is an agent of both parties the mistake is not a mutual one and cannot be corrected. (*Brocking* v. *Straat*, 17 Mo. App. 296; *Schoonover* v. *Dougherty*, 65 Ind. 463.)

DE WITT, J. — If any defense or counter-claim is set up in the answer, the demurrer thereto must be overruled.

We need not inquire what would be the value of the matter set up in defendants' pleading as a legal defense to the note; but, looking for an equitable defense to a legal action, and having regard to the facts pleaded, we will ascertain whether defendants allege sufficient to grant them relief.

They certainly allege that the partnership is still in existence.

They say that the business, not the partnership, has ceased. But the allegation is positive that the partnership is not dissolved, and they pray for a dissolution, settlement, and accounting, and that they have the benefit of such accounting in the result as an offset against the note sued upon. They show that neither settlement, dissolution, nor accounting has been had. They plead that the note grew out of the partnership business; that defendants owe the plaintiff some sum; and that plaintiff owes the partnership or the defendants something for money, property, and effects put into the business, and all connected with the same transactions in which the note in question was given. On demurrer, of course, the allegations are taken as true. If it can be gleaned from the answer that any defense or counter-claim is set up which the court can entertain, the demurrer must fall. Viewing sections 1 and 2 of the answer in their entirety, we incline to the opinion that sufficient facts are alleged to entitle defendants to an accounting; and if such indebtedness, in money, property, and effects furnished, exists as defendants allege, it is a proper matter of defense.

The third section of the answer is a cross-complaint, praying for a reformation of the mortgage.

In order that a written instrument may be reformed in equity for mistake, it must appear that the parties agreed upon a certain contract; that they executed a contract, the one sought to be reformed; that the contract executed was not the one agreed upon; that the variance between the contract agreed upon and the one executed occurred by mistake; in what the mistake consisted; and that the mistake was mutual. As the matter at bar is now before this court, the facts are all admitted by the demurrer. It appears to us that the defendants allege and the plaintiff admits that the parties agreed that the mortgage should not be foreclosable on default in the annual interest; that they intended that the written instrument should express this agreement; that the mortgage by mistake contained a provision making it subject to foreclosure on non-payment of annual interest; and that this mistake was mutual.

These allegations seem, under the authorities, to be sufficient to sustain a pleading for reformation. (Boone on Code Pleading, § 170, and cases cited; 2 Estee's Pleading and Practice,

2804, 2805, and cases; Story's Equity Jurisprudence, ch. 5, "Mistake"; Chancellor Kent in *Gillespie* v. *Moon*, 2 Johns. Ch. 585; *Barton* v. *Sachett*, 3 How. Pr. 358; *Wemple* v. *Stewart*, 22 Barb. 154; 2 Pomeroy's Equity Jurisprudence, § 839, et seq.)

The judgment of the District Court is reversed and the case remanded, with directions to that court to overrule the demurrer.

*Reversed.*

BLAKE, C. J., and HARWOOD, J., concur.