WHITE ET AL., RESPONDENTS, *v.* BARLING, APPELLANT.

(No. 2,813.)

(Submitted April 6, 1910. Decided April 18, 1910.)

[108 Pac. 654.]

*Appeal—Equity    Cases — Findings — Review—Evidence—Presumptions.*

Appeal—Equity Cases—Findings—Review.
  1.  Where the record on appeal in an equity case shows substantial testimony to support the district court's findings, the supreme court will not disturb them.

Same—Evidence—Record—Presumptions.
  2.  Error may not be predicated upon the action of the trial court in excluding competent testimony offered in a water right suit which was tried without the aid of a jury, where appellant subsequently succeeded in incorporating such testimony into the record. The presumption obtains that the court, in arriving at a conclusion, considered it.

*Appeal from District Court, Yellowstone County; Sydney Fox, Judge.*

ACTION by William D. White and another against Fred W. Barling. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Affirmed.

Cause submitted on briefs of counsel.

In behalf of Appellant, there was a brief by *Mr. T. S. Hogan.*

*Mr. O. F. Goddard* submitted a brief in behalf of Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

This cause has been in this court once before. At the first trial, held before Judge Loud, in Yellowstone county, the jury found that the capacity of plaintiffs' ditch was thirty miners' inches of water. Upon motion of the plaintiffs a new trial was ordered. The defendant appealed, and the order was affirmed. (*White* v. *Barling,* 36 Mont. 413, 93 Pac. 348.) The second trial took place before Judge Fox, without the aid of a jury. The court made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT.

"(1) That at the time the defendant made his appropriation of the waters of Blue creek, the plaintiffs' ditch would carry and deliver upon their lands ninety inches of water, statutory measurement, which amount of water the plaintiffs had before the appropriation of the defendants appropriated and used for irrigation and other useful purposes on their respective lands described in the complaint.

"(2) That while Blue creek at the dry seasons of the year runs dry in places, the water sinks and rises again, and is, with the exception of a few days at a time, a running stream so that some water would reach the dam and headgate of the plaintiffs, if not diverted by the defendant, and which could be used by the plaintiffs for the irrigation of their lands.

"(3) That the defendant, during the irrigating season of the years 1904 and 1905, diverted and used upon his lands for irrigation quantities of water of Blue creek which would, if it had been allowed to flow in the channel, have flowed down to the dam and headgate of the plaintiffs, and that it could have been used for beneficial purposes by the plaintiffs.

## "Conclusions of Law.

"(1) That the plaintiffs are entitled to the exclusive and uninterrupted flow and use of all of the waters of Blue creek that will naturally flow down to their dam and headgate up to the quantity of ninety miners' inches, statutory measurement, before the defendant is entitled to divert or use any water from said creek.

"(2) That the plaintiffs are the owners of and entitled to the free and uninterrupted use of said ninety inches of the waters of Blue creek, as against the defendant at all times.

"(3) That plaintiffs are entitled to a permanent injunction against the defendant, restraining and enjoining him from interfering with the exclusive and uninterrupted use and enjoyment of the said ninety inches of the waters of Blue creek at all times."

Judgment was entered for the plaintiffs in accordance with the findings of fact and conclusions of law, and from that judgment and an order denying a new trial the defendant has appealed.

It is contended by counsel for the appellant that the testimony is insufficient to warrant the finding of the court as to the carrying capacity of plaintiffs' ditch prior to the defendant's appropriation; and also the findings that Blue creek, the stream in question, is, with the exception of a few days at a time, a running stream so that some water would reach plaintiffs' headgate, if not diverted by the defendant, and, if the defendant had not diverted the water in 1904 and 1905, it would have reached the plaintiffs' headgate in an amount sufficient for beneficial use. In order to correctly decide these questions, we have carefully read and analyzed all of the evidence. While the testimony of the defendant and his witnesses appears to us to have been much more definite and certain in character than that produced by the plaintiffs upon both of the main questions involved, the evidence as a whole is nevertheless conflicting, and we find substantial testimony in support of the

court's findings. Under these circumstances, we cannot disturb them. (*Watkins* v. *Watkins*, 39 Mont. 367, 102 Pac. 860.)

Some complaint is made, in the brief, of the action of the court in rejecting certain testimony regarding the condition of Blue creek during the years from 1906 to 1909. Paragraph "b" of Rule X of this court has not been complied with in bringing this matter to the attention of the court; but notwithstanding this, we have considered it. We think the testimony was competent; but our examination leads us to the conclusion that the appellant finally succeeded in getting it all into the record, and the presumption is that it was considered by the court.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.