## BANK OF COMMERCE, Respondent, v. UNITED STATES FIDELITY & GUARANTY CO., Appellant.

(No. 4,115.)

(Submitted April 12, 1920.   Decided July 6, 1920.)

[194 Pac. 158.]

*Sheriffs—Action on Official Bond—Wrongful Attachment—Claim and Delivery—Sales—Statute of Frauds—Motion for Directed Verdict by Both Parties—Effect—Conflict in Evidence—Appeal and Error.*

Trial—Directed Verdict—Motion by Both Parties—Effect.
1. Where both parties at the close of the testimony moved the court for a directed verdict and the motion of plaintiff was granted, failure of defendant to request the submission of a certain issue to the jury amounted to a waiver of determination by the jury, and the question of fact involved was one for decision by the court.

Sheriffs—Wrongful Attachment—Liability.
2. A sheriff who wrongfully seizes personal property under a writ of attachment may be sued therefor in any appropriate form of action the person whose rights have been invaded may choose to pursue.

[On liability for suing out attachment maliciously and without probable cause, see note in 7 Ann. Cas. 541.]

Same—Wrongful Attachment—Sales—Statute of Frauds—Immediate Delivery—Continued Change of Possession—Official Bond—Suretyship.
3. In an action against a surety company to recover upon the official bond of a sheriff for his failure to return personal property or pay its value, in obedience to a judgment in an action in claim and delivery for the wrongful seizure thereof under a writ of attachment, evidence *held* sufficient to warrant the judgment in the action in replevin, the effect of which was that the attached property had been sold to plaintiff in good faith prior to its sequestration by attachment, the sale being accompanied by an immediate delivery and continued change of possession.

(Mr. Chief Justice Brantly and Mr. Justice Hurly, dissenting.)

Conflict in Evidence—Judgment—Affirmance.
4. Where the evidence is conflicting, the judgment will not be disturbed on the asserted ground of its insufficiency, especially where that court again passed upon its sufficiency on motion for new trial and overruled the motion.

*Appeal from District Court, Rosebud County; Charles L. Crum, Judge.*

Action by the Bank of Commerce of Forsyth, Montana, against the United States Fidelity & Guaranty Company.

Judgment for plaintiff. Defendant appeals from it and an order denying its motion for a new trial. Affirmed; Mr Chief Justice Brantly and Mr. Justice Hurly dissenting.

*Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

Sureties on an official bond are not precluded from their defense because of a default judgment against the principal. (*Foxcroft* v. *Nevens,* 4 Me. 72; *Dawes* v. *Shed,* 15 Mass. 6, 8 Am. Dec. 80; *Baylies* v. *Davis,* 1 Pick. (Mass.) 206; *United States* v. *Rundle,* 107 Fed. 227, 52 L. R. A. 505, 46 C. C. A. 251; *Herrick* v. *Conant,* 4 La. Ann. 276; *Picot* v. *Signiago,* 27 Mo. 125; *Allison* v. *Thomas,* 29 La. Ann. 732; 23 Cyc. 752.)

When the third party claimant has proceeded under section 6673, Revised Codes, and the attaching plaintiff has given an indemnity bond, which requires the sheriff to retain possession of the property, he waives his right to replevy the goods. Then the only remedy of such claimant is an action against the sheriff to recover damages for conversion or trespass. He can recover whatever damages he may have sustained by the attachment, if he is the owner of the property, while the sheriff is protected from such an action by his indemnity bond and the attaching plaintiff still has the attached property pending the final determination of his suit. If the attachment suit is decided in favor of the defendant, then the sheriff must turn over the property to him (sec. 6678), and the defendant in an attachment suit is protected by the undertaking given at the time the attachment was made. That an action in conversion or trespass is the proper remedy against the sheriff in such cases, see *Breard* v. *Lee,* 192 Fed. 72, where the court construed the California section similar to section 6673 of our Code. (See, also, *Paden* v. *Goldbaum,* 4 Cal. Unrep. 767, 37 Pac. 759; *Ferrat* v. *Adamson,* 53 Mont. 172, 163 Pac. 112; *Western Mining Supply Co.* v. *Quinn,* 40 Mont. 156, 135 Am. St. Rep. 612, 20 Ann. Cas. 173, 28 L. R. A. (n. s.) 214, 105 Pac. 732.)

Defendant contends that there is no substantial evidence to prove a sale of the property to the Bank of Commerce ''accompanied by an immediate delivery and followed by an actual and continued change of possession'' such as is required by section 6128, Revised Codes, and that for this reason defendant's motion for a directed verdict should have been sustained. (*Taylor* v. *Malta Mercantile Co.*, 47 Mont. 342, 132 Pac. 549; *Kerr* v. *Blaine*, 49 Mont. 602, 144 Pac. 566; *Boothby* v. *Brown*, 40 Iowa, 104; *Israel* v. *Day*, 41 Colo. 52, 92 Pac. 698; *Ruddle* v. *Givens*, 76 Cal. 457, 18 Pac. 421; *Clark* v. *Lee*, 78 Mich. 221, 44 N. W. 260; *Chickering & Son* v. *White*, 42 Minn. 457, 44 N. W. 988; *Missinskie* v. *McMurdo*, 107 Wis. 578, 83 N. W. 758; *Steele* v. *Benham*, 84 N. Y. 634; 20 Cyc. 543.)

Under the common law and the statutes of this state, as adopted from California after being construed there, Van der Pauwert never had possession of this property, and therefore neither he nor his bondsmen are liable for failing to turn it over. In the absence of statute so providing, it is not the duty of the sheriff at the expiration of his term to turn over to his successor in office personal property held by him under writ of attachment. He must proceed with the execution of the writ and keep the property and have it forthcoming on demand at the final determination of the attachment suit. This state has no statute modifying the above common-law rule. The following authorities also hold that in the absence of statute expressly requiring the sheriff at the expiration of his term to turn over to a successor personal property held by him under writ of attachment, he must proceed with the execution of the writ and keep the property in his possession. (*People* v. *Kendall*, 14 Colo. App. 175, 59 Pac. 409; *Tukey* v. *Smith*, 18 Me. 125, 36 Am. Dec. 705 and note; *Baker* v. *Baldwin*, 48 Conn. 131; *Lambard* v. *Fowler*, 25 Me. 308; *Barden* v. *Douglass*, 71 Me. 400; Freeman on Executions, sec. 62; 17 Cyc. 1233; 6 Corpus Juris, p. 313, sec. 603.) The only statute in this state authorizing the sheriff's successor

to complete the execution of process is section 6840, Revised Codes, relating only to real estate. If Van der Pauwert was not in possession, it was fatal to an action in claim and delivery. (*Glass* v. *Basin & Bay State Min. Co.*, 31 Mont. 21, 77 Pac. 302.)

*Messrs. Collins, Campbell & Wood,* for Respondent, submitted a brief; *Mr. Donald Campbell* argued the cause orally.

The appellant is bound in this action by the judgment rendered in the replevin action between the appellant and John Van der Pauwert as to the matters therein found and determined.

The replevin . action instituted by the respondent bank against Van der Pauwert, as sheriff, was an action brought solely for the purpose of determining the right of possession in the respondent bank to the personal property in question. It was properly brought against the sheriff, because he was then the party in possession, although as a defendant in such case he was merely the representative of the attaching creditor, and had no personal interest in the subject matter of the litigation. In the case of *Wilde* v. *Rawles*, 13 Colo. 583, 22 Pac. 897, the court quoted with approval the following language taken from the case of *Miller* v. *Bryan*, 3 Iowa, 58: "In these cases the sheriff is a necessary, and yet really the nominal, party defendant. Those really interested are the attaching or execution plaintiffs."

The case of *Rodini* v. *Lytle*, 17 Mont. 448, 52 L. R. A. 165, 43 Pac. 501, relied upon by appellant, must be read in connection with the decision in the case of *Gallick* v. *Bordeaux*, 31 Mont. 328, 78 Pac. 583. The case last named was a replevin action brought against a constable and his bondsmen on his official bond, and it was there held that such an action lay only against the party in possession, and the sureties upon the bond were improperly joined as parties defendant, and were not in any manner concerned with the seizure or detention of the property. The rule is stated in 34 Cyc. 1425, as

follows: "In an action of replevin, the person in possession of the property is ordinarily the proper and only necessary party defendant," and *Gallick* v. *Bordeaux, supra,* is there cited as an authority.

By the terms of the judgment rendered in the replevin case, Van der Pauwert, as sheriff, was commanded to return the property in question to the respondent bank, or to pay to the bank its value, less certain credits. This was an absolute duty and liability fixed upon the sheriff by the terms of such judgment. He neither returned the property nor paid to the bank its value, and it is for this failure and breach of duty that the present action is prosecuted against the surety upon his official bond. The judgment in the replevin case is the evidence of the obligation or duty. The failure to comply with the terms of the judgment is the evidence of the breach of such obligation or duty.

For the foregoing reasons we respectfully submit that the judgment in the replevin case is conclusive evidence in the case at bar as against the surety as to all matters and things adjudicated thereby and contained therein, and that the rule in the case of *Rodini* v. *Lytle* has no application.

The respondent, at the time of the institution of its action in replevin, was entitled to institute and prosecute such action for the purpose of recovering its property which had theretofore been levied upon under a writ of attachment in an action not brought against respondent. (*Wood* v. *Weimar,* 104 U. S. 786, 26 L. Ed. 779 [see, also, Rose's U. S. Notes]; *Dodd* v. *McCraw,* 8 Ark. 83, 46 Am. Dec. 301; *Overby* v. *McGee,* 15 Ark. 459, 63 Am. Dec. 49; *Carpenter* v. *Innes,* 16 Colo. 165, 25 Am. St. Rep. 255, 26 Pac. 140; *Reiley* v. *Haynes,* 38 Kan. 259, 5 Am. St. Rep. 737, 16 Pac. 440; *Bruen* v. *Ogden,* 11 N. J. L. 370, 20 Am. Dec. 593; *Hawk* v. *Lepple,* 51 N. J. L. 208, 14 Am. St. Rep. 677, 4 L. R. A. 48, 17 Atl. 351; *Dunham* v. *Wyckoff,* 3 Wend. (N. Y.) 280, 20 Am. Dec. 695; *Allen* v. *Crary,* 10 Wend. (N. Y.) 349, 25 Am. Dec. 566; *Crittenden* v. *Lingle,* 14 Ohio St. 182, 84 Am. Dec. 370;

*MacIver* v. *Williamson-Halsell-Frasier Co.,* 19 Okl. 454, 13 L. R. A. (n. s.) 696, 92 Pac. 170; *Alexander* v. *Alexander* (Okl.), L. R. A. 1917D, 984, 164 Pac. 114; 23 R. C. L. 879; 34 Cyc. 1370.)

MR. JUSTICE COOPER delivered the opinion of the court.

The respondent bank, plaintiff below, recovered a judgment against appellant as surety upon the official bond of the sheriff of Rosebud county for the sum of $1,557.43, upon a cause of action growing out of the following state of facts:

In November, 1913, one E. S. Haskell commenced an action against the firm of Woolston & Holland, a copartnership conducting a garage and automobile business in the town of Forsyth in said county, to recover a balance of about $5,000 alleged to be due him from said firm, for goods sold and delivered to them. On the same day a writ of attachment was issued out of the district court of that county and by the sheriff thereof levied on property supposed to belong to the firm. The respondent bank filed and served upon the sheriff a third-party claim for the property so attached. On November 25 the plaintiff in the attachment suit delivered to the then sheriff (William E. Moses) a bond securing the sheriff in the retention of the attached property. In the following January the sheriff was killed and John Van der Pauwert, who had theretofore during the incumbency of said Moses served as undersheriff, was on February 4 appointed and duly qualified as the successor of Moses. On June 30, and while the suit in attachment was still pending, the respondent bank commenced an action in claim and delivery against Van der Pauwert alone. Failing to appear, in due course a default was taken against him, and a judgment rendered and entered determining that the possession and ownership of the property was in the respondent bank at the time of the levy of the attachment upon the property in question, and that defendant therein was in possession thereof and wrongfully withholding the same from the plaintiff. The judgment also

provided for a return of the property to the bank, or for its value in case delivery could not be had. On January 28, 1916, a writ of execution was issued in the claim and delivery action, for the return of the property to the bank. Upon service of the writ on Van der Pauwert, he responded that he was unable to return any of the property. No return appears to have been made on the writ of execution. On February 18, 1916, this action was commenced against appellant on the official bond of Van der Pauwert for his neglect and refusal to return the property so attached, or its value in money.

It appears in evidence that the defendant Van der Pauwert was acting as undersheriff for Moses during the time of the occurrences in question; that he had full knowledge of the business both before and after his assumption of the office of sheriff; that he was conversant with the transaction attending the seizure of the property under attachment proceedings at the suit of *E. S. Haskell* v. *Woolston et al.;* that while undersheriff he subjected some of the articles under attachment to his own personal use, and, as sheriff, took actual possession of it all, retained it during the pendency of all the proceedings now before us, and never did deliver the property to the plaintiff in response to its demand upon him.

At the close of all the testimony both the plaintiff and defendant moved the court to direct a verdict in its favor upon the ground that in the then state of the evidence there was no substantial issue of fact touching the immediate delivery followed by an actual and continued change of possession of [1] the property subjected to attachment at the suit of *Haskell* v. *Woolston et al.* The court denied the motion of the defendant, granted the motion of plaintiff and directed a verdict in plaintiff's favor. The defendant, after the ruling against it, did not request the court to submit that issue to the jury. In this condition of the case, the question of fact involving the delivery of the property by Woolston to the plaintiff and the continued retention of it by plaintiff was for determination by the court, as held in the recent decision of

this court in the case of *Fifty Associates Co.* v. *Quigley,* 56
Mont. 348, 185 Pac. 155. The district court having found that
issue in favor of the plaintiff and rendered judgment in its
favor, it is now left for us to say whether there was in the
case below a substantial issue of fact upon which the judg-
ment can legally rest.

The pleadings put in issue the possession and ownership of
the property at the time of the attachment. If that issue is
to stand determined in favor of plaintiff, the other questions
[2, 3] discussed are so far subordinate to it as to require
no consideration. Plainly, the sheriff could not justify the
seizure of the property of a stranger to the writ. Having
wrongfully seized the property, he may be sued therefor in
any appropriate form of action the bank, whose rights have
been invaded, may elect to pursue. (2 Freeman on Execu-
tions, sec. 272, and authorities cited.)

Where the evidence is conflicting, the judgment of the lower
[4] court will not be disturbed on appeal. (*Mattock* v.
*Goughnour,* 13 Mont. 300, 34 Pac. 36; *Welch* v. *Nichols,* 41
Mont. 435, 110 Pac. 89.) The trial court had the witnesses
before it, heard the testimony, had an opportunity to observe
their demeanor upon the stand, and, having found for the
plaintiff upon what we deem a substantial conflict in the tes-
timony, "its action thereon will not be disturbed, unless it is
manifest that its discretion has been abused." (*Welch* v.
*Nichols, supra.*) The district court again passed upon the
sufficiency of the evidence on the motion for a new trial, and
its order overruling the motion will not be disturbed in the
absence of a showing of abuse of discretion. (*Ball* v. *Gussen-
hoven,* 29 Mont. 321, 74 Pac. 871; *White* v. *Barling,* 41 Mont.
138, 108 Pac. 654; *Cohen* v. *Clark,* 44 Mont. 151, 119 Pac.
775.) In *Chestnut* v. *Sales,* 44 Mont. 534, 121 Pac. 481,
this language was used: "As the cause was decided for the
plaintiff, it must be presumed that he established those facts
which the evidence on his part fairly tended to prove, and
that every disputed question of fact was resolved in his

favor." It .was the duty of the trial court, upon defendant's motion for a new trial, to say whether the evidence in weight justified the verdict.. (*Harrington* v. *Butte etc. Min. Co.,* 27 Mont. 1, 69 Pac. 102.)

Whether Woolston & Holland had in good faith sold the property before its sequestration by attachment and accompanied the sale by an immediate delivery and continued change of possession, was the vital question before the court. This fact the district court determined in favor of the plaintiff. After a careful review of all the testimony, we are not prepared to differ with that court in its conclusion that the testimony was sufficient to establish that fact. "As between the parties to a sale of personal property, it is wholly immaterial whether there is any delivery of the thing sold. It is equally true that a mere creditor, as such, does not have any interest whatever in his debtor's property.. If the Shackleton & Whiteway Construction Company had in good faith sold all this property to Farnham and others on June 26, and had accompanied the sale by an immediate delivery, Parr could not complain, even though such sale might operate to defeat him in the collection of his debt." (*Western Min. Supply Co.* v. *Quinn,* 40 Mont. 156, 135 Am. St. Rep. 612, 20 Ann. Cas. 173, 28 L. R. A. (n. s.) 214, 105 Pac. 732.)

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. JUSTICE MATTHEWS concurs.

MR. JUSTICE HOLLOWAY: I concur in the result only.

MR. CHIEF JUSTICE BRANTLY: I do not concur in the result reached in the majority opinion. Section 6128 of the Revised Codes declares that every transfer of personal property, such as the one in question here, "is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued

change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession," *etc.* As I view it, the evidence shows that at the time of the transfer to the bank, Woolston was the owner and in exclusive possession of the garage and its contents; that Holland had then retired from the firm, having turned over his interest to Woolston; that, when the transfer was completed, the bank authorities arranged with Woolston to resume possession of the garage and its contents and to continue the business under the name of Woolston & Company for the benefit of the bank; that he did so, and that no notice was given of this arrangement either by Woolston or the bank until after the attachment was levied. To a stranger not cognizant of what had taken place, there was nothing to show any change of possession. In my opinion, this did not meet the requirement that the sale, to be valid, must not only have been accompanied by an immediate delivery but also followed by an actual and continued change of possession.

MR. JUSTICE HURLY concurs in the above dissenting opinion.