WHORLEY, ET UX, RESPONDENTS, *v.* KOSS, APPELLANT.

No. 8848

Submitted March 4, 1949. Decided May 9, 1949.

206 Pac. (2d) 809

Mr. J. B. Gergen and Mr. E. J. Stromnes, both of Great Falls, for appellant. Mr. Stromnes argued orally.

Mr. James T. Shea and Mr. John Marriott Kline, both of Glasgow for respondents. Mr. Kline argued orally.

MR. JUSTICE BOTTOMLY:

Suit in equity to reform contract for sale of land and compel specific performance. Decree for plaintiffs. Defendant appeals.

Plaintiffs, George T. Whorley and P. A. Whorley, are husband and wife. The husband is 70 years of age and possessed of a very limited education, not having gone beyond the fourth grade in school. The wife is aged, and so crippled that it was considered almost impossible to get her into the courtroom.

Plaintiffs owned 2,400 acres of deeded lands in Phillips county, Montana. Their day being almost done plaintiffs determined to sell their holdings.

On April 6, 1946, they listed for sale with Perry Wilson, a real estate broker of Malta their 2,400 acres. The legal description of the various subdivisions, parcels and tracts was not given in the listing, which merely recites: "Description of property— 2400 acres of deeded land. 700 acres broken out. 800 more could be broken out."

The broker interested the defendant Stanley Koss in the purchase of the property. Defendant, accompanied by the broker, personally inspected the property, met plaintiffs and agreed with them on terms of purchase. The parties also agreed that James T. Harrison, Esq., attorney at law of Malta, should draft the formal written contract for the sale and purchase and for the proper description of plaintiffs' deeded lands, George T. Whorley told defendant that he was to obtain same from the records at the county courthouse.

Instead of following plaintiff's instructions and obtaining the legal description of plaintiffs' lands from the records at the courthouse, defendant procured a local abstracter to prepare for him a plat purporting to show plaintiffs' holdings. Without checking the plat against the records at the courthouse either for the record title or for the correct description of the lands, defendant delivered the plat to attorney Harrison to indicate to Harrison the lands which defendant desired included in the contract.

The abstracter's plat was incorrect. It failed to show some of plaintiffs' deeded lands and it showed as belonging to plaintiffs other lands in which they had no interest whatever.

For a description of the lands included in the contract the attorney relied upon and followed the deficient and misleading plat. Neither the plat nor the description incorporated in the contract was checked against the courthouse records to determine the correct description of the sellers' lands.

The plat was not produced at the trial. Defendant there testified, ''I have lost it.''

Two drafts were made of the proposed contract. The first covered only half of section 9 of township 34 North of Range 29 East, Montana Meridian, described therein as the ''N½'' of said section. Thereafter the abstracter informed defendant that he had discovered a recorded deed conveying to the plaintiff George T. Whorley the south half of said section 9. This information defendant imparted to the attorney who thereupon changed the contract which he had written by striking therefrom the letter and figure ''N½'' and inserting in lieu thereof the word ''All.'' This change added an additional 320 acres, increasing the total acreage from 2,400 acres, being the whole of plaintiffs' acreage, to 2,720 acres, being 320 acres in excess of plaintiffs' aggregate deeded holdings.

Erroneously included in the contract were certain lands described as: The northwest quarter (NW¼), the west half of the southwest quarter (W½SW¼), the northeast quarter of the southwest quarter (NE¼SW¼), and the northwest quarter of the southeast quarter (NW¼SE¼), all in section 15, township 34, North of Range 29 East, Montana Meridian, to which plaintiffs had no title whatever, the record title thereof then standing in the name of plaintiffs' son, Oscar Whorley, where it had continuously stood for almost twenty years. Without dispute the evidence is that such lands were owned and occupied by Oscar Whorley; that it constituted his family home and that he had continuously resided thereon with his wife and children for many years past.

As part of the deal plaintiffs agreed to assign to defendant certain leases which they held covering various lands adjacent to their deeded lands but neither plaintiffs nor defendant nor the real estate broker nor the attorney at the time of drawing the contract had the description of such leases or of the lands included therein. Accordingly it was mutually agreed that the description of these leased lands was to be worked out later.

For many years George T. Whorley had leased from the Indian Agency the SE¼ and the E½SW¼ of section 1 in Township 34 North of Range 29 East of the Montana Meridian, which lands for more than two years prior to the making of the contract of sale and purchase, plaintiffs' son Oscar Whorley had occupied and farmed. The lease on such Indian land had expired in February 1946, some three months prior to the execution of the contract with defendant. On March 15, 1946, George T. Whorley made application to the Indian Agency for a new lease on the Indian land but such application was not granted until Otcober 17, 1946, being long after the execution of the contract of sale and purchase.

On April 15, 1946, the final draft of the proposed written contract of sale and purchase was prepared by attorney Harrison. On April 22, 1946, such contract was executed and acknowledged by plaintiffs and defendant before one Fred Hall, acting in the absence of attorney Harrison then temporarily in Canada.

After executing the contract plaintiffs journeyed to the state of Virginia, their former home, for a visit. Shortly after their arrival there plaintiffs received a communication from their son Oscar Whorley informing them that his lands in section 15, Township 34, North of Range 21 East of the Montana Meridian, had been erroneously included in the contract. This was the first notice or knowledge that plaintiffs had of the errors in the contract.

Promptly upon receiving such notice (June 1946), plaintiffs cut short their visit and returned to Montana for the purpose of having the errors in the contract corrected.

George T. Whorley testified that within two days after his re-

turn to Montana he met defendant in Malta and said to him, ''I understand there is an error in the description of the land. Yes, he says, I have got Oscar's land on that contract. I says, we have got to get that fixed, that is not intended to be on the contract. * * * He told me then he didn't know it until a few days ago.''

Unsuccessful in their efforts to obtain from defendant a release from the contract of the Oscar Whorley lands or the leased Indian lands occupied and farmed by him, plaintiffs instituted this action.

A trial was had, various witnesses testified, including plaintiff George T. Whorley, the defendant Stanley Koss, the real estate broker Perry Wilson, the abstracter Louie LaRoche, the attorney James Harrison, and Oscar Whorley. Thereafter the trial court made findings of fact and rendered decree for plaintiffs eliminating from the contract, as erroneously incorporated therein, the lands owned by Oscar Whorley and the leased Indian lands occupied and farmed by him. The decree also adjudged specific performance by defendant of the contract as reformed.

On this appeal defendant generally challenges the sufficiency of the plaintiffs' amended complaint but wholly fails to show wherein the pleading is lacking in any essential. Hence the challenge must be denied.

Defendant also challenges the sufficiency of the evidence to sustain the findings and decree. The record on this appeal is voluminous. A careful reading thereof reveals that the testimony of the plaintiff George T. Whorley standing alone, if believed by the court, is sufficient to establish that mistakes were unwittingly made in the description of the land intended to be sold and conveyed by plaintiffs and intended to be purchased by defendant and that the mistakes were mutual and the written instrument executed by the parties failed to express the real agreement intended to be made by them entitling plaintiffs to the relief awarded. See: Parchen v. Chessman, 53 Mont. 430, 434, 436, 164 Pac. 531. See also: Secs. 10505, 8726 and 8729, R. C. M. 1935; American Mining Co. Ltd. v. Basin & Bay State

Min. Co., 39 Mont. 476, 104 Pac. 525, 24 L. R. A., N. S., 305; Ayers v. Buswell, 73 Mont. 518, 527, 238 Pac. 591; Hankins v. Waitt, Mont. 1948, 189 Pac. (2d) 666, 667, 668; Gassert v. Black, 11 Mont. 185, 195, 27 Pac. 791, 793; also Thielbar Realties, Inc. v. National Union Fire Ins. Co., 91 Mont. 525, 530, 9 Pac. (2d) 469; Cook-Reynolds Co. v. Beyer, 107 Mont. 1, 3, 79 Pac. (2d) 658.

The testimony of the witness George T. Whorley is corroborated by other witnesses appearing at the trial. Such testimony fully sustains the finding and decree of the trial court.

No prejudicial error appearing the decree is affirmed.

Mr. Chief Justice Adair and Associate Justices Angstman, Freebourn and Metcalf concur.

Rehearing denied June 16, 1949.