REYNOLDS, Appellant, v. TRBOVICH, INC., Respondent.
No. 8879
Submitted September 27, 1949. Decided October 20, 1949.
210 Pac. (2d) 634

Messrs. Meyer and Meyer, Butte, and Horace J. Dwyer, Anaconda, for appellant. Mr. S. O. Meyer and Mr. Dwyer argued orally.

Mr. J. B. C. Knight, Anaconda, for respondent. Mr. Knight argued orally.

MR. JUSTICE BOTTOMLY:

This is an action by Gussie Reynolds to recover damages for personal injuries sustained by a fall on the stairway in a building of which she was a tenant. Issues being joined, the cause was tried to a jury, resulting in a verdict in favor of defendant on which judgment was entered. Plaintiff's motion for a new trial, after hearing thereon, was denied. Plaintiff has appealed from the judgment.

Plaintiff first contends that the evidence is insufficient to sustain the verdict and judgment.

The undisputed evidence discloses the following facts:

Trbovich, Incorporated, a corporation, is a family affair, all of the stock thereof being owned by Steve Trbovich and his children. At all times since July 1946 the corporation has owned and operated a two-story brick building located at 800 East Park Street, Anaconda, Montana. The first or ground floor of the building is used by the defendant corporation for conducting a grocery store and meat market. The second story is divided into seven apartments and two single rooms, all of which are rented to the public for living quarters with the exception of the apartment occupied by Steve Trbovich and family. The apartments and rooms open into a hall which leads to a stairway which leads from the second floor to the Park Street level. This inside stairway is the only way of ingress and egress to the apartments and rooms.

The plaintiff first rented an apartment in the Trbovich apartments in December 1945, where she kept house for herself and Howard Jackson, her son by a former marriage, until April 1946, when they moved to Butte. She returned and again rented an apartment from defendant in June 1946 and they continued to reside there until December 1946 when they again moved to Butte.

In the morning at approximately ten o'clock on October 22, 1946, plaintiff left her apartment to go down the stairs for a bottle of cream. She fell on the stairs, coming to rest on the

landing which was located in and as a part of the stairs and being seven steps from the floor level of the hall, which served the apartments and rooms, thereby sustaining the injuries complained of.

The testimony as to the cause of plaintiff's fall and the condition of the stairs at and prior to the time of the accident, by the witnesses of the plaintiff and the witnesses for the defendant, is in irreconciliable conflict, and no useful purpose would be served by quoting the testimony herein. It is suffice to say that wherever there is a conflict in the evidence this court may only review the testimony for the purpose of determining whether or not there is substantial evidence in the record to support the verdict of the jury, and must accept the evidence there found as true, unless that evidence is so inherently impossible or improbable as not to be entitled to belief; and where a verdict is based upon substantial evidence which from any point of view could have been accepted by the jury as credible, it is binding upon this court, although it may appear inherently weak. Williams v. Thomas, 58 Mont. 576, 194 Pac. 500; Chicago Title & Trust Co. v. O'Marr, 25 Mont. 242, 64 Pac. 506; Hanson Sheep Co. v. Farmers' & Traders' State Bank, 53 Mont. 324, 163 Pac. 1151; Watts v. Billings Bench Water Ass'n, 78 Mont. 199, 253 Pac. 260.

Where the evidence is conflicting but substantial evidence appears in the record to support the judgment, the judgment will not be disturbed on appeal; and this is especially true when the court, as here, has passed upon the sufficiency of the evidence on motion for a new trial and upheld its sufficiency. Bank of Commerce v. United States Fidelity and Guaranty Co., 58 Mont. 236, 194 Pac. 158; Robinson v. F. W. Woolworth Co., 80 Mont. 431, 438, 447, 261 Pac. 253; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 74, 37 Pac. (2d) 1025; Wallace v. Wallace, 85 Mont. 492, 279 Pac. 374, 66 A. L. R. 587; see also: Whorley v. Koss, 122 Mont. 446, 206 Pac. (2d) 809, and cases therein cited.

This court will not substitute its judgment for that of the jury,

especially where, as here, the trial court has approved the verdict by denying the motion for a new trial. See: Fulton v. Chouteau County Farmers' Co., supra, and cases therein cited.

The preponderance of the evidence may be established by a single witness as against a greater number of witnesses who testify to the contrary. McQuay v. McQuay, 81 Mont. 311, 263 Pac. 683; Wallace v. Wallace, supra; Whorley v. Koss, supra.

The evidence on behalf of the defendant is not inherently so improbable as to brand it palpably false, and we therefore conclude that there was sufficient evidence on behalf of the defendant, if believed by the jury, as it did believe in this case, to justify and sustain the verdict.

Plaintiff also urges that the court committed reversible error in giving, over her objection, instruction No. 19 which is as follows: ''The court instructs the jury that every person is bound to an absolute duty to exercise his intelligence to discover and avoid dangers that may threaten him, and the plaintiff having asserted the right of recovery on the ground of negligence of the defendant is bound to show that she exercised her intelligence to discover and avoid the danger, which she alleges was brought about by the negligence of the defendant.''

The language of this instruction was taken from this court's opinion in the case of Sherris v. Northern Pacific Ry. Co., 55 Mont. 189, 175 Pac. 269, and later reiterated and approved in Hughey v. Fergus County et al., 98 Mont. 98, 105, 37 Pac. (2d) 1035.

The giving of this instruction alone or without other qualifying instructions would raise a serious question; under such circumstances it could properly be urged that the instruction could well be confusing to the jury. However, this instruction does not stand alone, for the trial court's first instruction was: ''The jury are instructed they should consider these instructions as a whole. It has no right to consider any part or parts of them to the exclusion of other portions.''

Later in its instructions numbered 14, 16 and 18, the law was given to the jury so that where these are read in connection with

228

the court's instruction No. 19, it is manifest that no prejudice resulted to the plaintiff by the giving of the challenged instruction.

"As has often been said by this court, one instruction cannot ██ cover the whole case, and the instructions are to be taken and read together, the whole as one instruction." Norton v. Great Northern Ry. Co., 85 Mont. 270, 291, 278 Pac. 521, 528.

Therefore, as here, when Instruction No. 19 is considered and ██ read with the other instructions given touching on the same matter, we are impelled to the view that the jury could not have misunderstood or been misled by this one instruction to the prejudice of the plaintiff. It may not be presumed that the jury gave any more weight or consideration to instruction 19 than it did to the other instructions given. However, we do not encourage the use of dominating words such as the word "absolute" as used in Instruction No. 19, but as stated above, we are of the opinion that under the whole charge no prejudice resulted in this case by its use.

From what has been said it follows that no prejudicial error having been committed, the judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Freebourn, Metcalf and Angstman, concur.